THE STATE, EX REL. PEAKE, APPELLEE, *v.* BD. OF EDUCATION OF THE SOUTH POINT LOCAL SCHOOL DISTRICT, APPELLANT.

(No. 75-41—Decided December 17, 1975.)

*Mr. David McCown*, for appellee.

*Mr. Lloyd E. Moore*, prosecuting attorney, *Mr. Dennis J. Boll* and *Mr. Charles Cooper*, for appellant.

CELEBREZZE, J.    This case presents for resolution the construction of R. C. 3319.11, as it relates to the delivery of notice of the action of a board of education of its intention not to reemploy a teacher at the expiration of his limited contract.    Respondent attempts to invoke the doctrine of equitable estoppel by alleging, in its brief, that the relator absented himself from his teaching duties on April 29th and April 30th after being present at the special meeting of the board of education held on April 27th.    Respondent asserts that such action was taken by the relator to thwart an attempted delivery of the requisite notice by his principal. However, there is nothing whatsoever in the record or the agreed statement of facts to support that position. Relator adroitly points out that this is a belated attempt to raise an affirmative defense that should have been pleaded and tried in the trial court.    See Civ. R. 12(B), (H).

Respondent then proceeds to cite two cases for the court's consideration.    The case of *State, ex rel. Bishop, v. Bd. of Education* (1942), 139 Ohio St. 427, admittedly in-

volves the interpretation and validity of certain parts of the so-called Ohio Teachers' Tenure Act, but has no bearing on the present matter. The second case, *State, ex rel. Rutherford*, v. *Bd. of Education* (1947), 148 Ohio St. 242, presents an enigma to this writer, not so much for its content but rather its place in respondent's brief. One of the questions presented to that court, at page 245, was "whether relator was notified prior to March 31, 1946, of the intention of the board of education not to renew his contract for the year 1946-1947, as required by statute." While the March 31st date has been amended in the current statute, a comparative reading of the pertinent parts of both sections shows little change.

G. C. 4842-8 read, in pertinent part, as follows:

"Any teacher employed under a limited contract shall at the expiration of such limited contract be deemed re-employed under the provisions of this act at the same salary plus any increment provided by the salary schedule *unless the employing board shall give such teacher written notice on or before the thirty-first day of March of its intention not to re-employ him.* Such teacher shall be presumed to have accepted such employment unless he shall notify the board of education in writing to the contrary on or before the first day of June * * *." (Emphasis added.)

R. C. 3319.11 reads, in pertinent part, as follows:

"Any teacher employed under a limited contract, and not eligible to be considered for a continuing contract, is, at the expiration of such limited contract, deemed re-employed under the provisions of this section at the same salary plus any increment provided by the salary schedule *unless the employing board,* acting on the superintendent's recommendation as to whether or not the teacher should be re-employed, *gives such teacher written notice of its intention not to re-employ him on or before the thirtieth day of April.* Such teacher is presumed to have accepted such employment unless he notifies the board in writing to the contrary on or before the first day of June * * *." (Emphasis added.)

In *State, ex rel. Rutherford, supra,* the relator was notified by the board on April 10, 1946, of its intention not to reemploy him. The court, in that case, took the view that the terms of the statute had not been satisfied, and the judgment of the Court of Appeals granting the writ of mandamus was affirmed.

R. C. 3319.11 now provides that: "* * * unless the employing board * * * gives such teacher written notice of its intention not to re-employ him on or before the thirtieth day of April * * *" he shall be deemed reemployed. It is this court's view that neither the presence of the relator at the meeting nor the posting of the notice is sufficient to satisfy the demands of the statute. It cannot be successfully argued that postal delivery was attempted on April 29, 1974. The ultimate fact remains that the notice was not received until May 2, 1974. While R. C. 3319.11 requires written notice, it does not specify the manner or mode in which it must be served. Under this circumstance, Ohio has long followed the rule set forth in the second paragraph of the syllabus in *Moore* v. *Given* (1884), 39 Ohio St. 661, which states, "[w]here a statute requires notice of a proceeding, but is silent concerning its form or manner of service, actual notice will alone satisfy such requirement." This rule was affirmed, while distinguished, in the recent case of *Castellano* v. *Kosydar* (1975), 42 Ohio St. 2d 107. Thus it would appear that where, as in this case, certified mail was employed to attempt the required notice, it became effective only at the time it was received.

The board acted inexpediently, contrary to the statute, and the consequences of such conduct rightly lie in the issuance of the writ by the lower court.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CORRIGAN, W. BROWN and P. BROWN, JJ., concur.
O'NEILL, C. J., HERBERT and STERN, JJ., concur in the syllabus and judgment.