THE STATE, EX REL. CURRY, APPELLEE, *v.* GRAND VALLEY LOCAL SCHOOLS BOARD OF EDUCATION, APPELLANT.

(No. 77-995—Decided April 19, 1978.)

---

68

*Messrs. Green, Schiavoni, Murphy & Haines, Mr. Eugene Green* and *Mr. Barry R. Laine*, for appellee.

*Messrs. Petersen & Pasqualone* and *Mr. Terry G. Pasqualone*, for appellant.

*Per Curiam.* The only issue to be resolved in this cause is whether the written notification of non-reemployment received by relator on May 3, 1976, comes within the holding of this court in *State, ex rel. Peake*, v. *Bd. of Edn.* (1975), 44 Ohio St. 2d 119, wherein it is held:

"A teacher employed under a limited contract shall automatically be deemed reemployed for the ensuing school year, absent his timely receipt of notice of the action of the board of education of its intention not to reemploy him."

"Notice," as that term was used in *Peake*, specifically was defined as actual notice.

The board contends that the holding in *Peake* does not control, because the board of education in that cause, unlike the board in the present cause, failed to act expediently in providing the statutory notice to its employee; *i. e.*, but for the means chosen by the board to effect written notice of its decision not to reemploy the teacher, the teacher would have received timely notice. As opposed to the situation in *Peake*, the board contends that because relator in this cause was out-of-state at an unknown address, it was unable to provide the proper notice; thus, but for the voluntary act of the relator in leaving the state, the board would have complied with the notice requirements of R. C. 3319.11.

This court is not persuaded by the board's interpretation of the holding in *Peake* as applied to the facts presently under consideration. In *Peake*, there was no indication that had the board chosen a more expedient means of service, such as personally delivering the notice, the

board would have complied with the notice requirement of R. C. 3319.11. The facts therein do not reveal where the teacher was located at the time the board attempted to provide notice. Thus, even if the board had delivered written notice to the teacher by hand, it is unclear whether the teacher would have received the notice prior to the April 30th deadline.

Furthermore, this court specifically noted in *Peake*, at page 122, that R. C. 3319.11 does not require a specific mode or manner of service. The statute only requires that written notice be provided the teacher on or before April 30th.

Therefore, the *ratio decidendi* of *Peake* does not rest on the fact that the board failed to choose the most expedient means of providing written notice to the teacher. Rather, it rests on the fact that irrespective of the method chosen by the board to serve notice, the teacher was not timely informed of the board's action.

This court recognizes that the statutory protection afforded teachers under R. C. 3319.11 will not obtain in situations where a teacher is shown to have deliberately evaded receipt of the written notice of non-reemployment. Thus, before this court held, in *Peake*, that the teacher was automatically re-employed, we specifically noted that there was nothing either in the record or the agreed statement of facts to show that the teacher deliberately prevented delivery of the requisite notice.

Likewise, in the instant cause, we find nothing in the record or the stipulation of facts to support a finding that relator deliberately attempted to avoid receipt of the board's written notice of her non-reemployment. Between April 19th, the date of the board's decision, and April 23rd, the day before relator embarked on her trip, relator, although on sick leave, was available to be served written notice of her non-reemployment for the following year. Furthermore, between April 24th and April 30th, there is nothing to show that the board made any effort to determine relator's exact whereabouts. When relator placed her call to Ann Hibbs on April 26th, no questions were

asked in regard to her present address and no concern was shown over the trip itself. The fact that relator knew of the board's action before her trip to Washington, D. C. is in itself of no consequence absent additional proof of an intentional evasion on relator's part of the board's written notice.

Because relator did not receive timely notice of the board's action not to re-employ her for the 1976-1977 school year, it was proper for the Court of Appeals to issue a writ of mandamus ordering the board to grant relator a contract of employment for that school year.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, P. BROWN, SWEENEY and LOCHER, JJ., concur.

O'NEILL, C. J., HERBERT and STEPHENSON, JJ., dissent.

STEPHENSON, J., of the Fourth Appellate District, sitting for W. BROWN, J.

HERBERT, J., dissenting. As I view the record in this case, including the fact that the Board made certain daily trips to appellee's residence in an attempt to serve the required notice, appellee's conduct was sufficient to deprive her of the protection afforded by R. C. 3319.11.

O'NEILL, C. J., and STEPHENSON, J., concur in the foregoing dissenting opinion.