THE STATE, EX REL. SCHARLOTTE, APPELLANT, *v.*
BD. OF EDUCATION OF EAST FRANKLIN LOCAL SCHOOL
DIST. ET AL., APPELLEES.

[Cite as State, ex rel. Scharlotte, v. Bd. of Education (1978),
63 Ohio App. 2d 1.]

(No. 8927—Decided November 22, 1978.)

*Mr. L. A. Dirker* and *Mr. Edward C. Maher,* for appellant.

*Mr. Robert M. Gippin,* for appellees.

MAHONEY, P. J.   Relator, Richard Scharlotte, appeals the dismissal of his complaint in mandamus brought against respondents, The Board of Education of East Franklin Local School District, et al. We affirm.

*Facts*

The relator taught art at Manchester High School under a limited contract for three consecutive years beginning in 1974. He held a provisional Ohio teaching certificate. His appeal

questions whether the notice of termination of his contract complies with R. C. 3319.11, which reads, in part, as follows:

"A limited contract may be entered into by each board with each teacher who has not been in the employ of the board for at least three years and shall be entered into, regardless of length of previous employment, with each teacher employed by the board who holds a provisional or temporary certificate.

"Any teacher employed under a limited contract, and not eligible to be considered for a continuing contract, is, at the expiration of such limited contract, deemed re-employed under the provisions of this section at the same salary plus any increment provided by the salary schedule unless the employing board, acting on the superintendent's recommendation as to whether or not the teacher should be re-employed, gives such teacher written notice of its intention not to re-employ him on or before the thirtieth day of April. Such teacher is presumed to have accepted such employment unless he notifies the board in writing to the contrary on or before the first day of June, and a written contract for the succeeding school year shall be executed accordingly. The failure of the parties to execute a written contract shall not void the automatic re-employment of such teacher.

"The failure of a superintendent of schools to make a recommendation to the board of education under any of the conditions set forth in this section, or the failure of the board of education to give such teacher a written notice pursuant to this section shall not prejudice or prevent a teacher from being deemed re-employed under either a limited or continuing contract as the case may be under the provisions of this section."

The trial court made the following findings:

"* * * Sometime prior to April 25, 1977, the Superintendent determined to recommend to the Board that the Plaintiff not be re-employed for the following school year. The relator knew that it was quite likely that he would not be re-employed and he also knew that if the Board did not give him notice of its intention not to re-employ him by April 30, 1977, then he would be deemed re-employed even though the Board had determined otherwise.

"The Board met on Monday, April 25, 1977, and voted not to re-employ the relator for the following year. On Tuesday, April 26, 1977, the Clerk Treasurer of the Board mailed to the

relator by certified mail, return receipt requested, written notice of the Board's intention not to re-employ the relator. The Clerk-Treasurer also sent written notice to the relator through the school mail system.

"On April 28, 1977, the U. S. Post Office left notice in the relator's mailbox that there was certified mail addressed to him that was at the Post Office. The relator did not pick up this mail, being the written notice of the Board, until May 13, 1977.

"The other written notice that was sent to the relator through the school mail system was delivered to the relator's school mailbox on the afternoon of April 26, 1977. Although the relator was required to and did go to his school mailbox at least once a day, the relator claims that he did not know that the written notice from the Board was in his school mailbox until May 2, or May 3, 1977. The Court cannot accept the relator's claim that he was unaware of the notice in his school mailbox.

"The Court finds that the Board gave the relator written notice of its intention not to re-employ him on or before April 30, 1977, by placing said notice in his school mailbox and before April 30, 1977, the relator was aware that this written notice was in his school mailbox.

"The Court finds that the relator deliberately attempted to evade receipt of the written notice of non-reemployment * * *."

## Discussion

### Assignments of Error I and II

"Where a school system addresses notice of non-renewal or a teacher's contract by U. S. certified mail, deliver to addressee only, to a teacher's residence, and such notice is not received prior to April 30th as required by ORC *3319.11,* the trial court erred in finding that the teacher deliberately attempted to evade receipt of written notice of non-renewal based on a prior finding that the teacher was 'aware' of a copy of such notice sent through the school mail system, in the absence of evidence of any actual service of notice or any attempt to evade timely written notice prior to April 30th.

"Where a school system fails to give timely written notice of intention not to renew a teacher's contract according to ORC *3319.11,* and otherwise fails to give the teacher hearing or notice of hearing, the school system has deprived the teacher

of the constitutional rights of equal protection of law and right of due process, and the trial court errs in dismissal of a claim for relief on constitutional grounds and dismissal of mandamus in the absence of evidence of actual receipt of timely notice."

Actual written notice is required under R. C. 3319.11. The mere presence of the teacher at the meeting where his non-renewal is decided and the subsequent mailing of a certified letter containing written notice of the non-renewal does not meet this standard where the certified letter is not received prior to April 30. *State, ex rel. Peake,* v. *Bd. of Edn.* (1975), 44 Ohio St. 2d 119. Actual written notice will not be required where the teacher deliberately evades the receipt of the written notice of non-renewal. *State, ex rel. Curry,* v. *Bd. of Edn.* (1978), 54 Ohio St. 2d 67, 70. The deliberate evasion of the receipt of written notice is an affirmative defense. *State, ex rel. Peake,* v. *Bd. of Edn., supra,* at 120. It is a question of fact. We find sufficient evidence supporting the trial court's finding that relator deliberately attempted to evade receipt of the written notice. Our conclusion in this regard disposes of relator's other contentions.

We overrule both assignments of error and affirm the judgment.

*Judgment affirmed.*

Victor and Hunsicker, JJ., concur.

Hunsicker, J., retired, was assigned to active duty under the authority of Section 6(C), Article IV, Constitution.