BUCHHEIT, APPELLANT, *v.* HAMILTON CITY BOARD OF EDUCATION, APPELLEE.

(No. CA83-08-095—Decided March 29, 1984.)

*Messrs. Biegel, Kirkland & Berger* and *Mr. James R. Kirkland,* for appellant.

*Messrs. Baden, Jones, Scheper & Crehan, Mr. Thomas W. Baden* and *Mr. David Landis,* for appellee.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Butler County, Ohio.

Appellant, David Buchheit, was an industrial arts teacher with the Hamilton City School District. In the spring of 1982, appellant, who was employed under a limited contract, received written notification that his contract would not be renewed for the coming school year. Such notification was given to appellant before April 30, 1982.

On October 28, 1982, appellant filed a complaint for declaratory judgment against appellee, Hamilton City Board of Education. In his complaint, appellant alleged that his contract was improperly nonrenewed in violation of the reduction in force provisions of R.C. 3319.17. In addition, appellant claimed that this nonrenewal was based on his union activities and his participation in the Hamilton teachers' strike of 1980-1981. The complaint asked that the court declare, *inter alia,* that the contract was improperly nonrenewed and sought relief in the form of reinstatement and monetary damages.

Appellee filed an answer and the parties proceeded to conduct discovery. On March 25, 1983, appellee filed a motion for summary judgment. The motion asserted that since appellant was employed under a limited contract, its nonrenewal was governed by the provisions of R.C. 3319.11 rather than those contained in R.C. 3319.17, and that the school board's decision not to renew appellant's contract was based on a projected decline in student enrollment and an anticipated faculty layoff. Appellant filed a memorandum, supported by his own affidavit, in opposition to appellee's motion.

The trial court subsequently granted

appellee's motion for summary judgment, holding that the board's decision came within the ambit of R.C. 3319.11 and that R.C. 3319.17 was not applicable to appellant's situation. The court also found that the decision not to renew appellant's contract was founded upon an anticipated decline in enrollment and reduction in staff. The matter is now before us on appellant's appeal of the lower court's decision to grant summary judgment to appellee.

Appellant's sole assignment of error claims that the trial court erred in granting summary judgment to appellee. In support thereof, appellant first argues that reasonable minds could differ in concluding that appellee was acting within its statutory authority in not renewing appellant's limited contract; and, second, that there was a genuine issue of material fact as to whether appellant's union and strike activities were a motivating factor in the board's decision not to renew his employment contract.

The first argument propounded by appellant essentially attacks the trial court's decision that R.C. 3319.11 was applicable to the case at bar. Appellant claims that a material issue of fact existed as to whether the conditions of his case dictated the implementation of R.C. 3319.17. R.C. 3319.11 provides in pertinent part that:

"Any teacher employed under a limited contract, * * * is, at the expiration of such limited contract, deemed re-employed * * * unless the employing board, * * * gives such teacher written notice of its intention not to re-employ him on or before the thirtieth day of April * * *."

R.C. 3319.17 states in part that:

"When by reason of decreased enrollment of pupils, * * * a board of education decides that it will be necessary to reduce the number of teachers, it may make a reasonable reduction. In making such reduction, the board shall proceed to suspend contracts in accordance with the recommendation of the superintendent of schools who shall, within each teaching field affected, *give preference to teachers on continuing contracts and to teachers who have greater seniority.*" (Emphasis added.)

In the case at bar, it is clear that appellant was employed as an industrial arts teacher under a limited contract. It is equally clear that appellant was given proper notification that his contract was not being renewed for the coming year. A teacher who is employed under a limited contract as set forth in R.C. 3319.11 is granted no specific right to continued employment. *Matheny* v. *Bd. of Edn.* (1980), 62 Ohio St. 2d 362 [16 O.O.3d 411]. "R.C. 3319.11 does not require a school board to set forth its reasons for refusing to renew a limited contract." *Matheny, supra,* at 364. The statute requires that written notification of nonrenewal must be received by the teacher before April 30 if his contract is not to be renewed for the coming school year. See *State, ex rel. Scharlotte,* v. *Bd. of Edn.* (1978), 63 Ohio App. 2d 1 [17 O.O.3d 192].

Despite the fact that he was employed under a limited contract, appellant contends that any faculty reduction should be conducted pursuant to R.C. 3319.17 since such reduction in force was in response to a contemplated and anticipated decrease in enrollment necessitating a reduction in the number of teachers. Several Hamilton school officials were deposed, including board members and administrators from the junior high school where appellant was a teacher. Their testimony clearly reflects that enrollment for the 1982-1983 school year was expected to decrease to a significant level requiring a reduction in staff. Accordingly, appellant's position is that this reduction in staff should have been carried out pursuant to R.C. 3319.17, and the contracts of those teachers with less seniority than ap-

pellant should have been the first not to be renewed.

R.C. 3319.17 gives school boards the flexibility to remove teachers under continuing contracts. The statute balances the school system's needs against the rights of a teacher who holds a continuing contract. *Dorian* v. *Euclid Bd. of Edn.* (1980), 62 Ohio St. 2d 182 [16 O.O.3d 208]. Thus, the reduction in force provisions contained in R.C. 3319.17 apply to teachers who have been hired under continuing contracts rather than limited contracts. In *Bivens* v. *West Clermont Local Bd. of Edn.* (Aug. 19, 1981), Clermont App. No. CA-871, unreported, we previously held that R.C. 3319.17 is not applicable to limited contracts as defined in R.C. 3319.11. As appellant was employed pursuant to such a limited contract, R.C. 3319.17 is inapplicable to the case at bar and there is no material issue of fact as to whether the conditions of the case at bar dictate the implementation of that statute. The trial court was correct in its decision that R.C. 3319.11 was the proper statutory guideline to be followed in not renewing appellant's limited contract.

Appellant's second argument contends that the trial court erred in holding that reasonable minds could only conclude that appellant's constitutionally protected rights were not a motivating factor in the board's decision not to renew his limited contract. Appellant actively participated in both union activities and a teachers' strike conducted in a previous school year. It is contended that appellant's active participation in union-related activities was a motivating factor in the board's decision not to renew his contract. The United States Supreme Court has held that a teacher whose contract has not been renewed is entitled to reinstatement if his constitutional freedoms were the reason for his nonrenewal. *Mt. Healthy City School Dist. Bd. of Edn.* v. *Doyle* (1977), 429

U.S. 274. However, the burden is on the teacher to show that his conduct was constitutionally protected, and that such conduct was the "substantial factor" or "motivating factor" behind the nonrenewal of his contract. *Mt. Healthy, supra,* at 287.

Appellant's memorandum in opposition to the school board's motion for summary judgment was supported by appellant's affidavit. In the affidavit, appellant stated that he "understood" and "had knowledge" that the nonrenewal of his contract was related to his strike and union activities. Appellant further stated that he "did not feel" that there was a justifiable basis for the nonrenewal. Civ. R. 56(E) requires that affidavits submitted in support of or in opposition to motions for summary judgment must set forth facts which would be admissible in evidence. The trial judge determined that such statements were hearsay in nature and could not be used by the court to draw inferences or to judge credibility. Even without these inadmissible statements, when the evidence is construed most strongly in favor of appellant, there is no genuine issue as to whether appellant's union activities were the substantial or motivating factor behind the school board's decision not to renew appellant's contract and the trial court was correct in concluding that appellee was entitled to judgment as a matter of law. Civ. R. 56(C). Accordingly, appellant's sole assignment of error is hereby overruled.

It is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

HENDRICKSON, P.J., and JONES, J., concur.

KOEHLER, J., not participating.