BENNETT, APPELLANT, v. BOARD OF EDUCATION OF THE LORAIN [COUNTY] SCHOOL DISTRICT, APPELLEE.

(No. 3786 — Decided April 24, 1985.)

*Timothy S. Trilgilio*, for appellant.
*Mary A. Lentz*, for appellee.

MAHONEY, J. Appellant, Rosemary Bennett, appeals an order of the Lorain County Court of Common Pleas granting the summary judgment motion of the Board of Education of the Lorain County School District ("the board") and dismissing her claim. We affirm.

On April 12, 1983, Bennett entered into a two-year employment contract with the board as a school psychologist. This contract was to be effective from August 1, 1983 through July 31, 1985. Under the contract, Bennett was to provide psychological services to local schools within Lorain County. These services were provided to local school districts by the board, which in turn received funding from the State Board of Education. In 1984, the local districts withdrew their students from the board's programs and began providing their own psychological services; the local districts received funding from the

State Board of Education, which had stopped providing the board with funding for such services.

Due to the fact that they no longer needed any psychologists and that they were receiving no funding from the state, the board resolved, on July 16, 1984, to suspend the contracts of all of their school psychologists, including Bennett, pursuant to R.C. 3319.17. Bennett was notified of this suspension and subsequently filed a complaint in the Lorain County Court of Common Pleas to enforce her contract on August 10, 1984. The board thereafter filed a motion to dismiss and/or for summary judgment on September 11, 1984. The trial court found there to be no genuine issue as to any material fact, granted the board's motion for summary judgment and dismissed the cause of action at Bennett's costs. Bennett now appeals.

### Assignment of Error 1

"The trial court erred in granting defendant's motion to dismiss and/or motion for summary judgment."

Bennett and the board disagree as to how the board lost funding and students for its psychological services. Bennett alleges that the board voluntarily relinquished its psychological services' funding, thus bringing the lack of need for school psychologists upon itself. The board on the other hand states that it applied for further funding, but that it was denied by the State Board of Education. While this dispute presents a factual issue, it is not a material fact, for the cause of the loss of funding and the need for school psychologists is irrelevant.

As a school psychologist, Bennett was an "other administrator" for the purposes of R.C. 3319.02 whose contract could be suspended pursuant to R.C. 3319.16[1] or R.C. 3319.17. Bennett

argues that R.C. 3319.17 applies only to teachers with continuing contracts (i.e., those contracts which remain in effect until the teacher resigns, retires or is otherwise terminated or suspended, R.C. 3319.08) and not to those with limited contracts like hers, citing Buchheit v. Hamilton City Bd. of Edn. (1984), 15 Ohio App. 3d 148.

We do not agree. Buchheit, supra, is inapplicable because it dealt with a non-renewal of a limited contract under R.C. 3319.11 under which the board does not have to state a reason. Matheny v. Bd. of Edn. (1980), 62 Ohio St. 2d 362, 364 [16 O.O.3d 411]. Contracts of "other administrators," which are always limited contracts, are expressly made suspendable under R.C. 3319.17 by R.C. 3319.02. R.C. 3319.17 allows a school district to suspend teachers' contracts in the following manner:

"When by reason of decreased enrollment of pupils, * * * a board of education decides that it will be necessary to reduce the number of teachers, it may make a reasonable reduction. In making such reduction, the board shall proceed to suspend contracts in accordance with the recommendation of the superintendent of schools who shall, within each teaching field affected, give preference to teachers on continuing contracts and to teachers who have greater seniority. * * *"

For the purposes of R.C. 3319.17, the cause of the reduction in the number of pupils is irrelevant as long as there has in fact been a decrease in enrollment. In the present case, both parties agree that the enrollment of pupils in the board's psychological program has fallen to zero. As such, the board was justified in suspending the school psychologists' contracts. There was no material issue of fact for the court to consider in this case, so the court properly granted the board's motion to dismiss and/or for summary judgment.

---

[1] R.C. 3319.16 deals with disciplinary termination of teachers' contracts and is not involved in this dispute.

### Assignment of Error 2

"Assuming *arguendo* that the dismissal was proper, the dismissal should have been without prejudice."

Because the board had properly suspended Bennett's contract in accordance with R.C. 3319.17, the trial court properly granted summary judgment in the board's favor and dismissed the action with prejudice.

### Summary

Appellant's assignments of error are overruled. The judgment is affirmed.

*Judgment affirmed.*

GEORGE, P.J., and BAIRD, J., concur.