THE STATE, EX REL. FRANCU, APPELLEE, *v.* WINDHAM EXEMPTED VILLAGE SCHOOL DISTRICT BD. OF EDN., APPELLANT.

[Cite as State, ex rel. Francu, *v.* Windham Bd. of Edn. (1986), 25 Ohio St. 3d 351.]

(No. 85-1612—Decided August 13, 1986.)

*Green, Schiavoni, Murphy, Haines & Sgambati Co., L.P.A.,* and *Ronald G. Macala,* for appellee.

*Henderson, Covington, Stein, Donchess & Messenger, James L. Messenger* and *Christopher J. Newman,* for appellant.

*Per Curiam.* Appellant first argues that it was improper for the court of appeals to grant appellee's motion for summary judgment when a genuine issue of fact existed as to whether appellee had avoided service of notice of his non-renewal. The issue was timely raised as an affirmative defense in appellant's answer and evidence on this issue was presented by appellant.

However, even appellant's version of the facts of this case is very similar to the one in *State, ex rel. Peake,* v. *Bd. of Edn.* (1975), 44 Ohio St. 2d 119 [73 O.O.2d 437], where the court held that the teacher had not avoided service. There, the relator had attended the board meeting and the question of his non-renewal was not addressed. *Id.* at 119. On or after April 29, the mailman attempted to deliver a certified letter to relator's address which letter advised him of the non-renewal, and relator picked the letter up at the post office on May 2. *Id.* at 119-120. The court held that the board of education's attempt to effectuate notice by certified mail was insufficient under the circumstances, stating, "* * * [u]nder this circumstance, Ohio has long followed the rule set forth in the second paragraph of the syllabus in *Moore* v. *Given* (1884), 39 Ohio St. 661, which states, '[w]here a statute requires notice of a proceeding, but is silent concerning its form or manner of service, actual notice will alone satisfy such requirement.' * * * Thus it would appear that where, as in this case, certified mail was employed to attempt the required notice, it became effective only at the time it was received." *Id.* at 122. Thus, even accepting appellant's version of the facts as true, the holding in *State, ex rel. Peake, supra,* compels the conclusion that this conduct does not constitute intentional avoidance of notice.

Appellant also argues that the arbitrator's decision constitutes an adequate remedy precluding the relief sought by appellee. First of all, there is no authority that a remedy by way of arbitration is an "adequate legal

remedy" sufficient to bar the issuance of a writ of mandamus. The award of the arbitrator was never confirmed or challenged in court as authorized by law. Regardless of the arbitrator's award, however, it does not affect appellee's entitlement to a continuing contract under R.C. 3319.11. In the case at bar, the arbitrator agreed that the non-renewal was improperly achieved. In such a case a teacher is entitled to a continuing contract under the express terms of R.C. 3319.11. Any additional action concerning potential reductions in force or layoffs under the contract is not relevant to that determination. Appellant's argument in this regard lacks merit as well.

Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, C. BROWN and DOUGLAS, JJ., concur.

HOLMES and WRIGHT, JJ., dissent.

HOLMES, J., dissenting. Because I am convinced that this court's holding in *State, ex rel. Peake,* v. *Bd. of Edn.* (1975), 44 Ohio St. 2d 119 [73 O.O.2d 437], is not dispositive of the factual dispute at issue in the case *sub judice,* I must dissent from today's majority opinion.

Although *Peake, supra,* in effect held that failure to receive a written notice of non-renewal by April 30th constitutes a right to continued employment under R.C. 3119.11, nothing in *Peake* abolished the school board's defense that a teacher thwarted an attempted notice of non-renewal. In fact, in a decision written after the announcement of *Peake,* this court stated that it "recognizes that the statutory protection afforded teachers under R.C. 3319.11 will not obtain in situations where a teacher is shown to have deliberately evaded receipt of the written notice of non-reemployment." *State, ex rel. Curry,* v. *Bd. of Edn.* (1978), 54 Ohio St. 2d 67, 70 [8 O.O.3d 75]. One reason this defense was rejected in *Peake* was that the school board had not pled or tried the issue in the trial court. Here, however, the school board timely raised this defense in its answer and the issue was clearly before the court below.

The other reason that the defense was rejected in *Peake* was that the court found at 120 that "there is nothing whatsoever in the record or the agreed statement of facts to support that position." In *Peake,* there was also no evidence that the teacher was home when the mail was delivered, and no evidence of when the letter giving notice of non-renewal was delivered. Here, however, the appellee's own testimony established that he was home when the mailman came on April 28, 1984 and left a notice that a certified mail letter was at the post office. This is sufficient evidence to raise a genuine question of material fact as to whether the appellee deliberately evaded receipt of notice. Civ. R. 56(C) prohibits summary

judgment when there is a genuine issue of material fact; therefore, summary judgment was inappropriate in the circumstances of this case. Only if the facts herein had been identical to the facts in *Peake, supra,* or if the appellant's version of the facts, when taken as true, could not have led reasonable minds to conclude that its defense existed, would a resolution of this factual question have been appropriate as a matter of law. As neither situation exists here, trial on the issue of appellee's avoidance of notice is in order.

Accordingly, I would reverse the court of appeals and remand the cause for further proceedings in accordance with this opinion.

WRIGHT, J., concurs in the foregoing dissenting opinion.

WRIGHT, J., dissenting. The majority erroneously affirms the court of appeals' decision granting summary judgment in favor of the relator. The majority bases its conclusion on the court's decision in *State, ex rel. Peake,* v. *Bd. of Edn.* (1975), 44 Ohio St. 2d 119 [73 O.O.2d 437], which involved factual and legal *issues* similar to those in the instant case. The majority concedes that respondent timely raised the affirmative defense that relator avoided service of the notice of his non-renewal. Nevertheless, relying on *Peake,* the majority concludes that where relator receives notice prior to April 30 that he has received a certified letter, but does not pick up the letter until after April 30, relator's conduct does not constitute avoidance of notice.

I dissent from the majority's holding because the decision in *Peake* was based on factual circumstances *significantly* different from those in the present case. In *Peake,* the board of education did not *send* the certified mail until April 29, 1974. The record in *Peake* does not disclose when the relator was notified that he had received a certified letter. The board of education chose to utilize mail service with the attendant risk of receipt after April 30. In the instant case, the postal notice to pick up certified mail was received on April 28, 1984. But relator did not choose to pick up his mail from the post office until four days later.

Another significant difference between *Peake* and the instant case is that the *Peake* court declined to consider the defense that relator attempted to avoid notice of his non-renewal because the defense was not timely asserted. The *Peake* court concluded that the board of education acted inexpediently to notify relator of the non-renewal of his contract. The court did not decide whether, under the circumstances, relator avoided notice of his non-renewal. However, in the instant case, the respondent timely raised this issue and should have been permitted to present evidence in support of its defense.

Relator alleges that he did not receive written notice of respondent's intention to non-renew his contract on or before April 30, 1984. Respondent's answer stated that relator intentionally and willfully avoided ser-

vice of the written notice and that but for this conduct he would have received notice within the statutory time period. A teacher's deliberate evasion of the receipt of written notice of a school board's intention to terminate his contract negates that teacher's right pursuant to R.C. 3319.11 to receive actual notice of such intention on or before April 30. *State, ex rel. Curry,* v. *Bd. of Edn.* (1978), 54 Ohio St. 2d 67, 70 [8 O.O.3d 75]; *State, ex rel. Scharlotte,* v. *Bd. of Edn.* (1978), 63 Ohio App. 2d 1, 4 [17 O.O.3d 192]. In *Curry,* this court stated at 70:

"This court recognizes that the statutory protection afforded teachers under R.C. 3319.11 will not obtain in situations where a teacher is shown to have deliberately evaded receipt of the written notice of non-reemployment. Thus, before this court held, in *Peake,* that the teacher was automatically re-employed, we specifically noted that there was nothing either in the record or the agreed statement of facts to show that the teacher deliberately prevented delivery of the requisite notice."

Relator testified that he was home when the mailman came to deliver mail on April 28, 1984. He stated that he did not go to the door to receive the mail, but later that day received a slip showing that there was a certified letter for him at the post office. Relator testified that he did not go to the post office to pick up his notice of non-renewal until May 2, 1984. This testimony raised a genuine issue of material fact before the court of appeals which should preclude relator from obtaining summary judgment.

For the foregoing reasons, I would reverse the judgment of the court of appeals.

HOLMES, J., concurs in the foregoing dissenting opinion.