

2

ANN MARIE TRACEY, Judge.

{¶ 1} This matter comes before the court on the cross-motions of all parties for summary judgment pursuant to Civ.R. 56. The plaintiffs, estate of Allen B. Rusche and Joy Rusche, executor ("plaintiff"), move for summary judgment against defendants on their claims of negligence and breach of fiduciary duty. The defendants, David Harker, Robert Beck, Thomas Bennett, William Gallagher, Kenneth Gehring, Patrick Patton, Jim Petro, Betty Montgomery, Richard Balazs, Steve Young, and Clark Westfall, members and former members of the Ohio Police and Fire Pension Fund ("Pension Fund"), move for summary judgment on all of the plaintiffs' claims. The court has been fully advised, having reviewed the evidence, applicable law, and having heard arguments of counsel.

{¶ 2} Plaintiffs claim that the Pension Fund failed to provide a notice to decedent, Allen B. Rusche, in the form and manner required under R.C. 742.3715(B), of a right to change decedent's pension election from a single life payment plan to an optional plan. Such a change would have continued pension payments to Joy Rusche after decedent's death. Plaintiffs contend that the failure to provide this notice constituted negligence as well as a breach of defendants' fiduciary duty as a matter of law for which plaintiff, Joy Rusche, is entitled to damages. Defendants aver that there are no genuine issues of material fact, and that the Pension Fund is entitled to judgment as a matter of law.

## A. SUMMARY JUDGMENT STANDARD

{¶ 3} In considering a motion for summary judgment, the narrow question the court must decide is whether there is a "genuine issue as to any material fact and [whether] the moving party is entitled to judgment as a matter

4

of law." Civ.R. 56(C). The court cannot try issues of fact on a Rule 56 motion but is empowered to determine only whether there are any issues to be tried. *In re Atlas Concrete Pipe, Inc.* (C.A.6, 1982), 668 F.2d 905, 908. The rule imposes a heavy burden upon the party seeking summary judgment to show the absence of issues of material fact. *Adickes v. S.H. Kress & Co.* (1970), 398 U.S. 144, 153, 90 S.Ct. 1598, 26 L.Ed.2d 142; *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265. See, also, *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 114, 526 N.E.2d 798. The moving party bears the burden of affirmatively showing that there is no genuine issue of material fact. *Mitseff,* supra, at 115, 526 N.E.2d 798. Moreover, a party seeking summary judgment on the ground that the nonmoving party cannot prove its case bears the initial burden of informing the trial court of the basis for the motion and identifying evidence in the record of the type outlined in Civ.R. 56, which demonstrates the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claims. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264. Summary judgment is appropriate only if reasonable minds can only conclude, based on the evidence, that judgment for the movant is appropriate.

■ {¶ 4} The evidence presented on a motion for summary judgment is always construed in favor of the party opposing the motion who is given the benefit of all favorable inferences that can be drawn from it. *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150, 153, 66 O.O.2d 311, 309 N.E.2d 924. As the United States Supreme Court has stated, "on summary judgment the inferences to be drawn from the underlying facts contained in [the affidavits, exhibits, and depositions] must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.* (1962), 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176; *Day v. United Auto., Aerospace & Agricultural Implement Workers of Am., Local 36, UAW* (C.A.6, 1972), 466 F.2d 83, 99; *Equal Emp. Opportunity Comm. v. United Assn. of Journeymen & Apprentices of the Plumbing & Pipefitting Industry of the United States & Canada, Local No. 189.* (C.A.6, 1970), 427 F.2d 1091, 1093. A summary judgment should be used cautiously so that a litigant's right to trial is not usurped. *Norris v. Ohio Std. Oil Co.* (1982), 70 Ohio St.2d 1, 2, 24 O.O.3d 1, 433 N.E.2d 615.

{¶ 5} The nonmoving party has a reciprocal burden of specificity. Civ.R. 56(E) provides in part: "[W]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule must set forth specific facts showing that there is a genuine issue for trial." In this regard, the claimant must present some evidence with respect to those elements which the party must

establish at trial. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265.

## UNDISPUTED FACTS

{¶ 6}   The undisputed facts are as follows.

{¶ 7}   After being honorably discharged from the military, Allen Rusche joined the St. Bernard, Ohio Police Department on July 25, 1970.   Decedent served as a police officer for approximately 28 years, advancing to the rank of chief of police before he retired on May 8, 1998.   As required by statute, decedent contributed a portion of his salary into the Ohio Police and Fire Pension Fund during his 28 years of serving as a police officer.   Similarly, his employer and the state of Ohio also made contributions into the Pension Fund as part of decedent's pension.

{¶ 8}   Allen B. Rusche retired on May 9, 1998.   Upon his retirement, decedent made a payment of $10,128.26 into the Pension Fund, purchasing five years of military service credit.   At retirement, decedent therefore had a total service credit with the Pension Fund of 32 years, 10 months and was receiving a monthly pension of $3,630.75 as of July 1, 1999.

{¶ 9}   With the knowledge of plaintiff Joy B. Rusche, decedent elected a single life annuity for the payment of his retirement benefits with the Ohio Police and Fire Pension Fund. When decedent retired he had a choice of either receiving pension payments during his life or under an optional plan which would have continued payments beyond his life to his beneficiary.   Decedent elected to receive his pension during his life rather than under a survivorship option.

{¶ 10}   An amendment to R.C. 742.3715(B), effective December 21, 1998, allowed Pension Fund members a second opportunity to elect a joint-and-survivor annuity benefit for retirement purposes at a reduced benefit amount.   R.C. 742.3715(B) required the Pension Fund to provide notice of this option no later than January 20, 1999.

{¶ 11}   The Pension Fund mailed notices to certain members on January 20, 1999, 30 days after December 21, 1998.   To qualify for this second-chance election under this issue the member must have retired before September 16, 1998, and have elected a single life payment of his pension benefits.   The member must have had a spouse when retiring and continued to be married to this same spouse on December 21, 1998.   There is no dispute that decedent met these requirements.

{¶ 12}   R.C. 742.3715(B)(1) also required the members to file a nonbinding notice with the Pension Fund by April 20, 1999.   Decedent did not do so. Members so notifying the fund had until December 21, 1999, to change the

benefits from a single life annuity pension benefit to a joint-and-survivor annuity pension benefit. R.C. 742.3715(B)(2).

{¶ 13} Decedent learned on April 14, 1999, that he had inoperable mestastic adenocarcinoma with a life expectancy of only 3 to 6 months. Decedent died July 2, 1999. Before her husband's death, decedent's spouse, Joy Rusche, learned of the amendment to R.C. 742.3715. On August 3, 1999, she attempted to serve the Pension Fund with notice of the election to choose an optional plan. The Pension Fund rejected this notice.

{¶ 14} The Pension Fund asserts that decedent failed to take any action that reflected his desire to change his original payment election. The Pension Fund admits, however, that had decedent filed the notice that he wished to consider a change in his payment plan before he died, the Ohio Police and Fire Pension Plan, pursuant to its policies, would have recognized the decedent's intent to change his payment plan. The plaintiffs assert that the defendants fail to meet the statutory notice requirements and that therefore they are entitled to the benefit of the survivor annuity.

## R.C. 742.3715(B) NOTICE

{¶ 15} Plaintiffs claim that defendant Pension Fund failed to provide proper notice to decedent, in the form and manner required under R.C. 742.3715(B), of a right to change decedent's pension election from a single life payment plan to an optional survivor plan. R.C. 742.3715(B) provides with respect to notice:

{¶ 16} "*Not later than* thirty days after December 21, 1998, *the fund shall provide to all members* described in this division *written notice of the election available* under this division. The notice shall state that a member's failure to elect an optional plan under this division will result in the member's spouse, at the time of the member's death, being eligible only for a benefit under division (D) of section 742.37 of the Revised Code." (Emphasis added.)

{¶ 17} Defendant Pension Fund avers that it mailed the written notice to members January 20, 1999, and that this satisfied the statutory requirement that the Pension Fund provide notice no later than that mailing date. It also asserts that because decedent was a member, and because it sent a bulk mailing to members, the Pension Fund sent notice to decedent. However, plaintiff Joy Rusche disputes that her spouse received any such notice. Consequently, with respect to the defendants' motion, there presents a question of material fact with respect to whether the Pension Fund met its statutory obligations of notifying decedent.

{¶ 18} For purposes of deciding plaintiff Rusche's motion for summary judgment on the issue of notice, however, this court will assume that the Pension Fund mailed the subject notice to Allen Ruche's address on January 20, 1999.

{¶ 19} Ordinary mail service must meet the constitutional benchmark established by the United States Supreme Court; due process requires that notice must be reasonably calculated under the circumstances to appraise parties of the pendency of an action. In *In re Foreclosure of Liens for Delinquent Taxes* (1980), 62 Ohio St.2d 333, 337, 16 O.O.3d 393, 405 N.E.2d 1030 (applying and following *Mullane v. Cent. Hanover Bank & Trust Co.* [1950], 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865), the statute provided that ordinary mail service be sent to the last known owner of property. The court found that such written notice was reasonably calculated under the circumstances and, therefore, passed constitutional muster. While a state must follow these constitutional requirements, a state may add additional, non-conflicting safeguards to civil liberties. *Michigan v. Long* (1983), 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201.

{¶ 20} R.C. 742.3715(B) is silent as to the manner of the Pension Fund's providing written notice to its members. It merely requires that "not later than thirty days after December 21, 1998, the fund shall provide to all members described in this division." It has long been established in Ohio that when a statute is silent as to how service is to be effectuated, written notice is deemed given only upon receipt. *Moore v. Given* (1884), 39 Ohio St. 661, 663, 1884 WL 62; see, also, *Edens v. Barberton Area Family Practice Ctr.* (1989), 43 Ohio St.3d 176, 539 N.E.2d 1124; *State ex rel. Francu v. Windham Exempted Village School Dist. Bd. of Edn.* (1986), 25 Ohio St.3d 351, 25 OBR 403, 496 N.E.2d 902; *State ex rel. Peake v. S. Point Local School Dist. Bd. of Edn.* (1975), 44 Ohio St.2d 119, 73 O.O.2d 437, 339 N.E.2d 249; *Castellano v. Kosydar* (1975), 42 Ohio St.2d 107, 71 O.O.2d 77, 326 N.E.2d 686.

{¶ 21} Statutory notice provisions are mandatory to avoid "chaos." *Lake Shore Elec. RR. Co. v. Pub. Util. Comm.* (1926), 115 Ohio St. 311, 317, 154 N.E. 239, 241. In *State ex rel. Peake,* supra, the court applied the *Moore* rule to the notice requirement of R.C. 3319.11. This statute required the board of education to send written notice by April 30 to any teacher whose contract would not be renewed. The statute was silent as to the manner of the service. By certified mail the board of education sent Peake written notice of its intent not to reemploy him; however, Peake did not receive the notice until May 2. Though Peake attended the meeting on April 27 at which the board of education terminated his teaching contract, "neither the presence of [Peake] at the meeting nor the posting of the notice is sufficient to satisfy the demands of the statute." *State ex rel. Peake,* supra, at 122, 73 O.O.2d 437, 339 N.E.2d 249. Reiterating

that "Ohio has long followed the rule set forth in the second paragraph of the syllabus in *Moore v. Given*," the court determined that the board had not complied with the statutory notice requirement.

{¶ 22} In *Edens v. Barberton Area Family Practice Ctr.*, supra, at 178, 539 N.E.2d 1124, the Supreme Court rejected using the mailing date as the notice date for calculating time under the statute of limitations. The court specifically rejected concerns about the variances generated by postal delivery and reaffirmed the *Moore* rule: when a statute is silent as to service, written notice is effected when that notice is received. *Edens*, supra, at paragraph one of the syllabus.

{¶ 23} Applying the rule in *Moore* and Ohio law here, the court finds that the Pension Fund's mailing of written notice from Columbus to decedent in Cincinnati, on the final day for providing notice, did not meet the statutory notice requirements of R.C. 742.3715(B). There is no question of material fact, nor do the defendants assert that mail delivery could have been accomplished that same day. As a matter of law, the Pension Fund, having not properly served decedent with notice of his option to change his pension annuity, is estopped from asserting plaintiff Rusche's failure to notify it in a timely manner of his intent to change the survivorship option of his pension. The plaintiffs are entitled to summary judgment on this issue.

## NEGLIGENCE PER SE

{¶ 24} Plaintiffs contend that the failure to provide proper notice under R.C. 742.3715(B) constituted negligence. Plaintiff, Joy Rusche, argues that as a matter of law, she is entitled to damages pursuant to R.C. 742.3711(A)(1). Specifically, plaintiff Joy Rusche claims that she is entitled to pension payments under a survivorship option after decedent's death.

{¶ 25} Violating an affirmative statutory duty is negligence per se. *Patton v. Pennsylvania RR. Co.* (1939), 136 Ohio St. 159, 16 O.O. 114, 24 N.E.2d 597, paragraph one of the syllabus. It requires a showing that the obligation imposed was for the benefit of the person alleging the injury. *Miller v. E. Ohio Gas Co.* (1930), 35 Ohio App. 113, 172 N.E. 300, paragraph one of the syllabus. Both are established here.

{¶ 26} As the court has found, defendant Pension Fund failed to supply proper and timely notice to decedent. This violated the mandate of R.C. 742.3715(B). This notice was to advise Pension Fund members of the option to change their plan, as well as their limited time to elect to do so. Clearly the requirement for the Pension Fund to provide written notice of an expiring right by a specified date was for the members' benefit, plaintiff Rusche included. Consequently, the Pension Fund's failing to provide the required written notice is

negligence per se. As a matter of law, plaintiff Rusche's motion for summary judgment is granted as to the issue of defendant Pension Fund's negligence per se.

## BREACH OF FIDUCIARY DUTY

{¶ 27} Plaintiff Rusche contends that the Pension Fund's failure to provide proper notice under R.C. 742.3715(B) also constituted a breach of defendants' fiduciary duty. As stated previously, plaintiff Joy Rusche argues that she is entitled to damages in an amount set by R.C. 742.3711(A)(1).

{¶ 28} A claim of breach of fiduciary duty is essentially a claim of negligence with a higher standard of care. *Strock v. Pressnell* (1988), 38 Ohio St.3d 207, 216, 527 N.E.2d 1235, 1243. In fiduciary-duty cases the party seeking recovery must show the existence of a duty not to injure the complaining party in such a fashion, a failure to observe such a duty, and an injury resulting proximately therefrom. *Strock*, supra, citing *Stamper v. Parr–Ruckman Home Town Motor Sales, Inc.* (1971), 25 Ohio St.2d 1, 3, 54 O.O.2d 1, 265 N.E.2d 785, 786.

{¶ 29} From the evidence presented by both sides, a question of material fact does exist as to whether defendant Pension Fund breached its fiduciary duty to plaintiffs. The court therefore denies the plaintiffs' motion for summary judgment as to the issue of defendants' alleged breach of fiduciary duty.

## REMEDY

{¶ 30} Plaintiff Rusche moves for partial summary judgment on the issue of damages. Specifically, plaintiff Rusche moves for summary judgment on the damages, that is, the survivorship benefits dictated by R.C. 742.3711(A)(1).

{¶ 31} However, a question of material fact is presented with respect to whether the defendants' failure to provide timely notice directly caused injury to the separate plaintiffs. Consequently, as it relates to a remedy or damages, the plaintiffs' motion for summary judgment is denied.

{¶ 32} SO ORDERED.

Judgment accordingly.