**[This opinion has been published in *Ohio Official Reports* at 69 Ohio St.3d 149.]**

KIEL, APPELLANT, *v.* GREEN LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, APPELLEE.

[Cite as *Kiel v. Green Local School Dist. Bd. of Edn.*, 1994-Ohio-21.]

*Schools—Teachers—Nonrenewal of limited teaching contract—R.C. 3319.11 does not provide procedure that must be followed in an appeal pursuant to subdivision (G)(7)—Procedural provisions of R.C. Chapter 2506 govern— R.C. 3319.11(E) requires that teacher receive actual written notice of board's intent not to renew contract.*

1. R.C. 3319.11 does not provide the procedure that must be followed in an appeal pursuant to subdivision (G)(7). Thus, the procedural provisions of R.C. Chapter 2506 govern.

2. R.C. 3319.11(E) requires that a teacher receive actual written notice of the board's intent not to renew his limited teaching contract.

(No. 92-1873—Submitted November 9, 1993—Decided April 27, 1994.)

APPEAL from the Court of Appeals for Wayne County, No. 2709.

———————————

{¶ 1} Plaintiff-appellant, John Kiel, was a public high school teacher employed by defendant-appellee, Green Local School District Board of Education, under a limited teaching contract that expired at the conclusion of the 1990-1991 school year. After he was evaluated by the Principal of Smithville High School, the principal and superintendent determined that Kiel would not be recommended for continued employment after the expiration of his limited teaching contract. Accordingly, on April 16, 1991, the school board acted upon the recommendation and voted not to reemploy Kiel. Following a hearing, the board reaffirmed this decision not to renew Kiel's limited contract.

**{¶ 2}** On June 12, 1991, pursuant to R.C. Chapters 3319 and 2506, Kiel filed a complaint in the Wayne County Court of Common Pleas, seeking review of the nonrenewal of his teaching contract. On January 7, 1992, the common pleas court concluded that the board had complied with the requirements of R.C. 3319.11 and 3319.111. The court also permitted the board, over Kiel's objection, to supplement the record on appeal with an affidavit from its treasurer purporting to demonstrate service of the board's notice of nonrenewal. In a divided decision, the court of appeals affirmed.

**{¶ 3}** The cause is before this court pursuant to the allowance of a motion to certify the record.

_____

*Green, Haines, Sgambati, Murphy & Macala Co., L.P.A.*, *Ronald G. Macala* and *Anthony M. DioGuardi II*, for appellant.

*Whalen & Compton Co., L.P.A.*, *G. Frederick Compton, Jr.*, *R. Brent Minney* and *Elizabeth Grooms Taylor*, for appellee.

*Means, Bichimer, Burkholder & Baker Co., L.P.A.*, and *Kimball H. Carey*, urging affirmance for *amicus curiae*, Ohio School Boards Association.

_____

**FRANCIS E. SWEENEY, SR., J.**

**{¶ 4}** This case and the companion cases which follow provide this court with its first opportunity to address legal issues arising under R.C. 3319.11 and 3319.111 as amended and enacted by Am.Sub.H.B. No. 330, 142 Ohio Laws, Part II, 3356.

**{¶ 5}** The Ohio Teacher Tenure Act, contained in R.C. Chapter 3319, governs the employment of public school teachers in Ohio. We have consistently held that the Act is remedial legislation which is to be liberally construed in favor of teachers. *State ex rel. Brennan v. Vinton Cty. Local School Dist. Bd. of Edn.* (1985), 18 Ohio St.3d 208, 209, 18 OBR 271, 272, 480 N.E.2d 476, 477; *Struthers*

*City Schools Bd. of Edn. v. Struthers Edn. Assn.* (1983), 6 Ohio St.3d 308, 310, 6 OBR 368, 370, 453 N.E.2d 613, 615.

{¶ 6} R.C. 3319.11 underwent major revisions effective July 1, 1989 with the passage of Am.Sub.H.B. No. 330. Prior to Am.Sub.H.B. No. 330, minimal safeguards existed to protect a nontenured teacher. Under former law, a teacher's contract would not be renewed if the board, acting on the recommendation of the superintendent, gave written notice to the teacher on or before April 30. R.C. 3319.111 now requires that boards of education follow certain prescribed statutory procedures prior to nonrenewal, including formal evaluation, written notice and, if requested, a hearing.

{¶ 7} In addition, R.C. 3319.11(E) was amended and now provides in part: "*Any teacher employed under a limited contract, and not eligible to be considered for a continuing contract, is, at the expiration of such limited contract, considered reemployed * * * unless* evaluation procedures have been complied with pursuant to division (A) of section 3319.111 of the Revised Code and *the employing board, acting upon the superintendent's written recommendation that the teacher not be reemployed, gives such teacher written notice of its intention not to reemploy him on or before the thirtieth day of April.*" (Emphasis added.)

{¶ 8} Kiel contends and we determine that the school board failed to timely notify him of its decision not to renew his limited teaching contract as required by R.C. 3319.11. However, before we address this issue, we confront Kiel's second proposition of law, dealing with the board of education's supplementation of the record on appeal.

{¶ 9} In Kiel's appeal to the common pleas court, the court permitted the board, over Kiel's objection, to supplement the record with an affidavit of its treasurer, Joyce Mast. Mast averred that she had personally served Kiel on April 23, 1991 with written notice of the board's decision not to renew Kiel's limited contract.

**{¶ 10}** The appellate court rejected Kiel's contention that the general administrative appeal procedures found in R.C. Chapter 2506 applied.  The court believed that the exclusive method for challenging a decision not to renew a limited teaching contract is contained in R.C. 3319.11(G)(7), which states that "[n]o appeal of an order of a board may be made except as specified in this division."  Obviously, the school board agrees with this determination.

**{¶ 11}** Kiel contends, however, that while R.C. 3319.11(G)(7) authorizes the appeal of the nonrenewal of his contract, R.C. Chapter 2506, in particular R.C. 2506.02 and 2506.03, governs the procedure that must be followed in an appeal pursuant to R.C. 3319.11(G)(7).  We agree.

**{¶ 12}** The very terms of R.C. 3319.11(G)(7) contemplate that certain sections of R.C. Chapter 2506 are applicable to the appeal.  R.C. 3319.11(G)(7) provides in part:

"Notwithstanding section 2506.04 of the Revised Code, the court in an appeal under this division is limited to the determination of procedural errors and to ordering the correction of procedural errors and shall have no jurisdiction to order a board to reemploy a teacher, except that the court may order a board to reemploy a teacher in compliance with the requirements of division (B), (C)(3), (D), or (E) of this section when the court determines that evaluation procedures have not been complied with pursuant to division (A) of section 3319.111 of the Revised Code or the board has not given the teacher written notice on or before the thirtieth day of April of its intention not to reemploy the teacher pursuant to division (B), (C)(3), (D), or (E) of this section."

**{¶ 13}** This section of the Revised Code addresses the remedies available to a school teacher whose limited contract is not renewed.  R.C. 3319.11(G)(7) limits a court's scope of review to procedural matters by expressly excluding the substantive review of the merits otherwise available under R.C. 2506.04.  See *Farmer v. Kelleys Island Bd. of Edn.* (1994), 69 Ohio St.3d 156, 630 N.E.2d 721.

4

R.C. 3319.11 does not provide the procedure that must be followed in an appeal pursuant to subdivision (G)(7). Thus, the procedural provisions of R.C. Chapter 2506 govern.

{¶ 14} R.C. Chapter 2506 deals with appeals taken from orders of administrative officers and agencies. R.C. 2506.01 provides in part that "[e]very final order, adjudication, or decision of any * * * board * * * of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located * * *." A school board certainly fits the definition of a "board," and the word "any" certainly means that it is included within the purview of R.C. Chapter 2506. See *In re Appeal of Sergent* (1976), 49 Ohio Misc. 36, 39, 3 O.O.3d 308, 310, 360 N.E.2d 761, 764; *Estock v. Conneaut Area City School Dist. Bd. of Edn.* (Sept. 30, 1993), Ashtabula App. No. 92-A-1757, unreported, 1993 WL 408168.

{¶ 15} R.C. 2506.02 requires the filing of a transcript by the officer or body from which the appeal is taken. R.C. 2506.03 provides that, with certain delineated exceptions, the hearing of the appeal shall be confined to the transcript as filed pursuant to R.C. 2506.02. The board of education does not contend that any of the exceptions exist.

{¶ 16} Pursuant to these provisions, the common pleas court was limited to the record filed on appeal. The treasurer's affidavit was not a part of this record, and it was error for the court to allow the board to supplement the record.

{¶ 17} In reaching its holding, the appellate court relied on *DeLong v. Bd. of Edn. of Southwest School Dist.* (1973), 36 Ohio St.2d 62, 65 O.O.2d 213, 303 N.E.2d 890, where, in construing former R.C. 3319.11, this court held that a school board's action in deciding not to reemploy a school teacher whose limited employment contract is due to expire is not a quasi-judicial proceeding subject to judicial review under R.C. 2506.01.

**{¶ 18}** The statute considered in *DeLong* has been substantially amended. R.C. 3319.11(G)(7) now creates a right to a hearing before the board and a limited right to appeal and does not foreclose the procedural appellate rights contained within R.C. Chapter 2506. Thus, *DeLong* is not controlling.

**{¶ 19}** Having determined that the record on appeal should not have been supplemented, we must next determine whether Kiel received timely notice of the board of education's intent not to renew his limited teaching contract.

**{¶ 20}** The record reveals that the board's notice of its intent not to reemploy Kiel was sent by certified mail, return receipt requested, to Kiel, in care of Smithville High School and to his home address. The only return receipt received and offered into evidence by the board is the return receipt from Smithville High School. The receipt was signed by someone other than Kiel. The board produced no evidence that Kiel had personally received the notice sent April 17, 1991.

**{¶ 21}** R.C. 3319.11(E) states that a teacher with a limited contract is considered reemployed unless the board "gives such teacher written notice of its intention not to reemploy him on or before the thirtieth day of April."

**{¶ 22}** In *State ex rel. Peake v. S. Point Local School Dist. Bd. of Edn.* (1975), 44 Ohio St.2d 119, 73 O.O.2d 437, 339 N.E.2d 249, in construing former R.C. 3319.11 containing identical notice language, we stated that where a statute requires notice of a proceeding, but is silent concerning its form or manner of service, only actual notice will satisfy such requirement. Thus, in *Peake*, we rejected the notion that a teacher had received the required notice of nonrenewal when the teacher was present at the meeting at which the board decided not to renew her contract. While the board sent the written notice of nonrenewal to the teacher on April 29, it was not delivered until May 2. We held that the board was compelled to reemploy the teacher.

**{¶ 23}** By mailing the notice of its intent not to renew Kiel's teaching contract to the Smithville High School, the school board did not comply with R.C.

3319.11(E). The certified return receipt is not signed by Kiel. The board did not timely present any evidence that Kiel personally received the notice on or before April 30. Thus, the provisions of R.C. 3319.11 have not been met and Kiel must be deemed reemployed.

{¶ 24} Therefore, consistent with this opinion, we hold the following: (1) R.C. 3319.11 does not provide the procedure that must be followed in an appeal pursuant to subdivision (G)(7). Thus, the procedural provisions of R.C. Chapter 2506 govern. (2) R.C. 3319.11(E) requires that a teacher receive actual written notice of the board's intent not to renew his limited teaching contract.

{¶ 25} Accordingly, we reverse the judgment of the court of appeals and order appellee board of education to reinstate appellant to a one-year limited contract and to award appellant all compensation and benefits that he has lost as a result of the unlawful nonrenewal of his contract.

*Judgment reversed.*

A.W. SWEENEY, DOUGLAS and PFEIFER, JJ., concur.

MOYER, C.J., WRIGHT and DESHLER, JJ., dissent.

DANA A. DESHLER, JR., J., of the Tenth Appellate District, sitting for RESNICK, J.

———————————

**WRIGHT, J., dissenting.**

{¶ 26} I respectfully dissent because I believe the board did everything it was required to do under the statute with respect to notifying Kiel of its decision. The board was required by R.C. 3319.11(E) to give Kiel written notice of its decision. The board did so on April 17, 1991 by sending Kiel two letters, both by certified mail, to Kiel's work and home address. Notwithstanding the majority's assertion to the contrary, the record filed by the board on appeal (*i.e.*, the record in its *unsupplemented* state) clearly and beyond doubt contains sufficient evidence

showing that Kiel received notice of the board's decision not to renew his contract before the deadline of April 30, 1991.

{¶ 27} That Kiel had timely notice of the board's decision is evident by Kiel's written objection to it on April 22, 1991. On that day Kiel's representative Richard Schneider mailed two letters, *both of which were properly in the record filed on appeal*, to the treasurer of the board. Both clearly indicate Kiel knew the board had decided not to renew his contract. The first letter reads:

"Pursuant to O.R.C. Section 3319.11(G)(1) *et seq.*, John Kiel hereby demands a written statement describing the cirucumstances which led the Green Local Board of Education to decide not to re-employ him."

{¶ 28} The second letter reads:

"Pursuant to O.R.C. Section 3319.11(G)(3) *et seq.*, John Kiel hereby demands that a hearing be scheduled regarding the circumstances which led to the Green Local Board of Education's intention not to re-employ John Kiel. John Kiel demands a record be made of these proceedings and that all issues relating to the decision to non-renew John Kiel's limited contract of employment be considered."

{¶ 29} The conclusion is inescapable that Kiel had notice of the board's decision at least eight days before the April 30, 1991 deadline, notice which one may reasonably infer was provided by the two letters mailed by the board to Kiel on April 17. As Judge Cacioppo of the court of appeals aptly observed: "His prior knowledge of [the board's] decision is *** obvious." Indeed it is!

{¶ 30} The conclusion is so obvious even Kiel's representative, who had signed and mailed the April 22 letters, dared not risk answering the question whether Kiel had received notice of the board's decision. At the May 15, 1991 hearing before the board, the following exchange took place between Kiel's representative Schneider and board member John Tucker:

"MR. TUCKER: One question, Mr. Schneider. Mr. Kiel did receive notice of nonrenewal.

8

"MR. SCHNEIDER: We have no proof of that. I got it by reading the newspaper. Whether that's substantial under the new law, I don't know, but we haven't filed any suit, John. But I notice by what the affidavit of the Board is, is one Frank Hayes received that, and it was sent to the high school.

"John, you know as well as I do, whether it be legal or not, that is not Mr. Kiel. So, we are not aware of that, and we have no proof that it was received before the required deadline. As to when it was actually received, I got a copy of it in my office, and mine is probably time-stamped. Let's see if it is. No, mine is not time-stamped either, John. We don't know that."

{¶ 31} If ever there was a dissembling answer to a simple question, we have it here. It is unfortunate that the board did not follow up on its question by asking Kiel himself if he had received the two April 17 letters which the board had mailed to him. Certainly Kiel, who was present at the hearing, knew whether he had received them. He said nothing, however, and his representative spoke only about the *lack of proof* of notice rather than answering the question in a forthright manner. It is difficult, however, to fault the board for not pursuing the matter since Kiel had demanded on April 22 both an explanation for the board's decision and a hearing.

{¶ 32} Based on my review of the record properly filed on appeal, I disagree with the majority's conclusion that "the school board failed to timely notify [Kiel] of its decision not to renew his limited teaching contract." The record clearly shows (1) the board mailed written notice to Kiel (which is all R.C. 3319.11[E] requires) on April 17, and (2) Kiel had notice by April 22, well before the April 30 deadline. As a result, I am not willing to impose the costly sanction of reinstatement in this case.

{¶ 33} I reach my decision on this issue without deciding the admissibility of the treasurer's affidavit, which the board sought to add to the record. I note, however, that a sworn statement from the treasurer that she personally delivered timely written notice to Kiel on April 23, 1991 would add nothing to what the facts

of this case and common sense already reveal. The decision by the court of common pleas to allow the board to supplement the record was, at worst, harmless error.

{¶ 34} For the foregoing reasons, I would affirm the decision of the court of appeals. I therefore dissent.

MOYER, C.J., and DESHLER, J., concur in the foregoing dissenting opinion.

_____