OPINION
{¶ 1} Plaintiff-appellant Franklin A. Stein, II, ("appellant") appeals from the decision of the Geauga County Court of Common Pleas. The court upheld the decision of the Geauga County Board of Health ("board"), finding that a nuisance existed on appellant's property and ordering him to install a new sewer system.
 {¶ 2} On June 27, 2001, appellant appealed the board's order to the Geauga County Court of Common Pleas. The appeal involved a finding by the board that a nuisance existed on appellant's property in Burton. The board claimed that appellant's sewer disposal system violated the sewage code and ordered appellant to install a new system, after obtaining an installation permit, within thirty days. Appellant argued that the findings were unreasonable, unsupported by the evidence, arbitrary, capricious, unconstitutional, and illegal. Appellant requested that a complete transcript of all the original papers, testimony, and evidence be prepared and filed with the court. The board gave notice that it filed the transcript on August 1, 2001.
 {¶ 3} The matter was discussed and determined at two board meetings, held on April 16, 2001 and May 21, 2001. The board determined that a code violation existed on appellant's property and moved that he be required to install a sewage disposal system within thirty days of the Board Order to correct the nuisance. A written notice of the board's order was mailed to appellant on May 24, 2001.
 {¶ 4} In his brief filed with the court of common pleas, appellant complained that the records before the court were incomplete, with much of the testimony missing from the record. Appellant maintained that the person investigating the complaint stated he had no probable cause to continue the investigation after the September 5, 2000 visit and that the odor had nothing to do with appellant's property. In response, the board attached an affidavit from Linda Feigle, a lab supervisor with the Geauga County Department of Water Resources. Feigle stated that, contrary to appellant's assertion, the samples taken were contaminated; dirt and debris would not affect the biochemical oxygen demand results of the tests. Further, Feigle averred that large amounts of chlorine or household cleaners would be detected prior to sampling and the sample would not be tested. Small amounts of those substances would most likely elevate the test results for a few days.
 {¶ 5} On November 15, 2001, the court of common pleas ordered the tape recordings of the April 16 and May 21, 2001 meetings be filed with the court along with a transcript of the portions of the tapes containing the proceedings relating to appellant's property. The board filed the tapes and transcripts on December 11, 2001.
 {¶ 6} On April 19, 2001, the court of common pleas stated it had reviewed the minutes of the board meeting and a verbatim transcript of that hearing. The court determined that the board's decision was supported by a preponderance of substantial, reliable, and probative evidence. The court found that appellant did not demonstrate that the board's decision was unconstitutional, illegal, arbitrary, capricious, or unreasonable.
 {¶ 7} Appellant assigns the following errors for review:
 {¶ 8} "[1.] The trial court erred in not requiring the appellee to provide a complete record of the administrative hearing until after the briefs were filed.
 {¶ 9} "[2.] The trial court erred in not striking affidavit of Lisa Feigle.
 {¶ 10} "[3.] The trial court erred in making its favorable ruling for the appellees based on the sole questionable testimony by the Health Commissioner and his promise under oath to perform additional investigation.
 {¶ 11} "[4.] The court erred in basing its ruling on all hearsay testimony by the Health Commissioner."
 {¶ 12} Appellant's four assignments of error will be addressed collectively, as similar issues of law and fact are presented. Appellant basically is disputing evidentiary issues. In his first assignment of error, appellant argues that the tapes and transcripts of the hearings were filed after the briefs were filed with the court of common pleas, preventing him from utilizing the transcripts in writing his brief. Appellant also challenges the admission of the Feigle affidavit and some of the Health Commissioner's testimony.
 {¶ 13} R.C. 2506.03(A)(1) confines a court of common pleas, in considering an administrative appeal, to the transcript filed pursuant to R.C. 2506.02, unless the transcript filed does not contain a report of all the evidence admitted or proffered by the appellant. The court can then hear the appeal upon the transcript and such additional evidence as is introduced by any of the parties. At the hearing, any party may call, as if on cross-examination, a witness who previously gave testimony in opposition to that party.
 {¶ 14} Judicial review of a R.C. Chapter 2506 administrative appeal normally is confined to review of the complete transcript filed by the administrative agency with the court of common pleas. R.C. 2506.02
requires the filing of a transcript by the officer or body from which the appeal is taken. See Kiel v. Green Local School Dist. Bd. of Edn. (1994),69 Ohio St.3d 149. If that transcript is deficient or incomplete, R.C.2506.03 provides for the trial court to conduct an evidentiary hearing to "fill in the gaps." The record of the evidence may be incomplete without a transcript of all the original testimony. McCann v. Lakewood (1994),95 Ohio App.3d 226. The court of common pleas must hear the appeal upon the transcript of the administrative proceedings and such additional evidence any of the parties may wish to introduce. Eckmeyer v. Kent CitySchool Dist. Bd. of Edn. (Nov. 3, 2000), 11th Dist. No. 99-P-0117, 2000 Ohio App. LEXIS 5123. The court is required to hear such additional evidence as may be introduced by either party in the proceeding. SeeFleischmann v. Medina Supply Co. (1960), 111 Ohio App. 449. The court of common pleas' authority to hear additional evidence under R.C. 2506.03
resembles a de novo hearing, requiring the court of common pleas to weigh the evidence presented to determine whether there is a preponderance of reliable, probative, and substantial evidence supporting the agency's decision. Boncha v. Mentor Mun. Planning Comm. (May 1, 1998), 11th Dist. No. 97-L-084, 1998 Ohio App. LEXIS 1943.
 {¶ 15} The court of common pleas ordered the board to provide it with a complete, verbatim transcript of the two hearings, after noting deficiencies in the transcript filed by the board. This order could only have been made pursuant to R.C. 2506.03(A)(1). Once the court of common pleas ordered a complete transcript, the parties obtained the right to introduce additional evidence and cross-examine witnesses who had previously given testimony against that party. It must be noted that the Feigle affidavit was not a part of the original transcript. As such, the court of common pleas was without authority to consider it when making its ruling, unless the evidence had been introduced at a hearing. SeeKiel, supra. The court of common pleas did not afford the parties an opportunity to present evidence at a hearing. Therefore, the court of common pleas erred by not holding an evidentiary hearing on the matter pursuant to R.C. 2506.03. Appellant would have had the opportunity to address his evidentiary concerns regarding the testimony of the Health Commissioner at such a hearing. Appellant's first, second, third, and fourth assignments of error have merit and are well-taken. The judgment of the Geauga County Court of Common Pleas is reversed and the case is remanded for proceedings consistent with this opinion.
CYNTHIA W. RICE, J., concurs.