[Cite as *Roberts v. Pleasant Local School Dist. Bd. of Edn.*, 2011-Ohio-4560.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

DANIEL E. ROBERTS,

    PLAINTIFF-APPELLANT,          CASE NO. 9-11-04

    v.

PLEASANT LOCAL SCHOOL DISTRICT
BOARD OF EDUCATION,          O P I N I O N

    DEFENDANT-APPELLEE.

Appeal from Marion County Common Pleas Court
Trial Court No. 2010-CV-0695

**Judgment Affirmed**

Date of Decision:    September 12, 2011

APPEARANCES:

    *Susan Hayest Kozlowski, William J. Steele and Lora A. Molnar*
    **for Appellant**

    *Karrie M. Kalail, David S. Hirt and Peter Zawadski* **for Appellee**

**ROGERS, P.J.**

{¶1} Plaintiff-Appellant, Daniel E. Roberts ("Roberts"), appeals the judgment of the Court of Common Pleas of Marion County dismissing the action for lack of subject matter jurisdiction. On appeal Roberts argues that the trial court erred by dismissing the action as he properly perfected his appeal. Based on the following, we affirm the decision of the trial court.

{¶2} The facts are not in dispute. Roberts was employed by Defendant-Appellee Pleasant Local School District, Board of Education ("Pleasant" or "Board of Education"), as a special education teacher under a series of limited teaching contracts from the 1998-1999 school year through the 2009-2010 school year.

{¶3} In April, 2010 the Board of Education sent Roberts a letter notifying him that it intended not to employ him at the expiration of his current limited teaching contract. In that same month, the Board of Education received a written request from Roberts requesting a written statement describing the circumstances that led to its decision not to renew his contract. The Board of Education sent him a letter describing the circumstances that led to its decision.

{¶4} In May, 2010, Roberts sent Pleasant a written request for a non-renewal hearing before the Board of Education, which was held July 19, 2010. The Board of Education subsequently affirmed its intention to non-renew Roberts'

limited contract in a written decision dated July 20, 2010. On August 17, 2010, Roberts filed a complaint appealing the Board of Education's order ("Complaint") pursuant to R.C. 3319.11(G)(7) in the Marion County Court of Common Pleas.

{¶5} On October 7, 2010, Pleasant filed a motion to dismiss the Complaint pursuant to Civ.R. 12(B)(6). On January 13, 2011, the trial court ruled that it lacked jurisdiction to rule on Pleasant's motion to dismiss and dismissed the action for lack of subject matter jurisdiction pursuant to Civ.R. 12(H)(3). It is from this judgment Roberts appeals, asserting the following assignment of error for our review.

### *Assignment of Error*

**THE TRIAL COURT ERRED IN ITS DECISION BY DISMISSING PLAINTIFF-APPELLANT DANIEL E. ROBERT'S (sic) APPEAL ON THE BASIS OF A LACK OF SUBJECT MATTER JURISDICTION, BECAUSE PLAINTIFF-APPELLANT PROPERLY PERFECTED HIS APPEAL BEFORE THE TRIAL COURT PURSUANT TO OHIO REVISED OHIO (sic) SECTION 3319.11(G)(7).**

{¶6} In his sole assignment of error Roberts argues that the trial court erred in finding that it lacked subject matter jurisdiction. His argument is three-pronged. First, Roberts argues that R.C. 3319.11(G)(7) solely vests subject matter jurisdiction in the court of common pleas as it is the statute which grants the right to appeal the decision to non-renew a teacher's contract. Since he complied with that section, Roberts argues, the trial court erred by dismissing the Complaint.

Second, Roberts asserts that Revised Code Chapters 2505 and 2506 do not govern the filing of an appeal, but rather, govern the appeal once it has been initiated. Roberts argues that his failure to file a notice of appeal with the Board of Education, as required by R.C. 2505.04, could not have deprived the trial court of subject matter jurisdiction. Lastly, Roberts argues that R.C. 3319.11(G)(7) is part of the Ohio Teachers' Tenure Act, which must be construed liberally in favor of teachers. Consequently, Roberts asserts, the trial court erred in finding it lacked subject matter jurisdiction. We disagree.

{¶7} Pleasant contends that the trial court properly determined that it lacked subject matter jurisdiction. Specifically, Pleasant argues that Revised Code Chapters 2505 and 2506 in conjunction with R.C. 3319.11(G)(7) govern the procedure for filing an appeal. Pleasant asserts that since Roberts did not file a notice of appeal with the Board of Education within thirty days of receiving its written decision pursuant to R.C. 2505.04, the appeal was not properly perfected, and therefore, the trial court properly determined that it lacked subject matter jurisdiction. We agree.

{¶8} Civ.R. 12(H)(3) allows a court to dismiss an action "whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter." As a general matter, R.C. 2506.04 allows a party to appeal the court of common pleas' decision on an administrative matter to an appellate

court "on questions of law as provided by the Rules of Appellate Procedure." R.C. 2506.04; *Thrower v. City of Akron*, 9th Dist. No. 21153, 2003-Ohio-1307, at ¶21. "[W]here a trial court resolves an attack on the facial sufficiency of a complaint and does not make any determinations with regard to disputed factual issues, our review is limited to determining whether the trial court's application of the law was correct." *Manholt v. Maplewood Joint Vocational School Dist. Bd. of Edn.* (Aug. 21, 1992), 11th Dist. No. 91-P-2410, *2, citing *Jenkins v. Eberhart* (1991), 71 Ohio App.3d 351, 355, 594 N.E.2d 29, citing *Williamson v. Tucker* (C.A. 5 1981), 645 F.2d 404, 413.

{¶9} The general provisions regulating appellate procedure and administrative appeals are located in Revised Code Chapters 2505 and 2506, respectively, of the Ohio Revised Code. R.C. 2506.01(A) provides in pertinent part:

> **Every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located as provided in Chapter 2505. of the Revised Code.**

R.C. 2506.01(A).

{¶10} This section of the code provides a general right to appeal the final decision of a political subdivision. A school board of education falls within the

parameters of a "board" or "political subdivision" of R.C. 2506.01. *Kiel v. Green Local School Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 149, 152, 630 N.E.2d 716.

{¶11} The general right to appeal an administrative decision is narrowed by Revised Code Chapter 2505, which governs appellate procedure. R.C. 2505.03(A) provides a means to appeal the final order of any administrative officer, agency, or board "when provided by law." The law which provides the specific authority for a teacher to appeal the non-renewal of his or her contract is R.C. 3319.11(G)(7),[1] which states:

> **A teacher may appeal an order affirming the intention of the board not to reemploy the teacher to the court of common pleas of the county in which the largest portion of the territory of the school district or service center is located, within thirty days of the date on which the teacher receives the written decision, on the grounds that the board has not complied with this section or with section 3319.111 of the Revised Code.**

R.C. 3319.11(G)(7).

{¶12} This section, however, is notably silent as to the manner in which the appeal is perfected. Therefore, we must look to Chapter 2505, specifically, R.C. 2505.04 and 2505.07, for the means of perfection. R.C. 2505.04 prescribes such means, providing:

---

[1] The Eleventh District explained that, whereas "[t]he right to appeal the decision of a school board's affirmance of its intention not to re-employ a school teacher is conferred by both R.C. 2506.01 and 3319.11(G)(7) . . . when taken as a whole, subsection (G)(7) of R.C. 3319.11 grants a right to appeal where none previously existed." *Estock v. Conneaut Area City School Dist. Bd. of Edn.* (Sept. 30, 1993), 11th Dist. No. 92-A-1757, at *2 (internal citations omitted).

> **An appeal is perfected when a written notice of appeal is filed, . . . in the case of an administrative-related appeal, with the administrative officer, agency, [or] board . . . After being perfected, an appeal shall not be dismissed without notice to the appellant, and no step required to be taken** *subsequent to the perfection of the appeal is jurisdictional.*

R.C. 2505.04 (emphasis added). Further, R.C. 2505.07 provides the time period for perfecting an appeal and mandates that:

> **After the entry of a final order of an administrative officer, agency, board, department, tribunal, commission, or other instrumentality, the period of time within which the appeal shall be perfected, unless otherwise provided by law, is thirty days.**

R.C. 2505.07.

{¶13} R.C. 2505.04 is clearly a jurisdictional requirement as it provides notice to the administrative body that an appeal of its decision is being filed. *Richards v. Indus. Comm. of Ohio* (1955), 163 Ohio St. 439, 445, 127 N.E.2d 402; see, also, *Moore v. Cleveland Civil Serv. Comm.* (1993), 11 Ohio App.3d 273, 465 N.E.2d 482 (for the proposition that filing a notice of appeal pursuant to R.C. 2505.04 is a jurisdictional requirement). R.C. 2505.03(B) further exemplifies this notion by explaining that in an appeal of an administrative decision, the administrative board "shall be treated as if it were a trial court whose final order, judgment, or decree is the subject of an appeal to a court of appeals or as if it were a clerk of such a trial court." Therefore, in order for jurisdiction to be vested in the court of common pleas, an appellant must file a notice of appeal with the

agency from which the appeal is being taken within thirty days of receiving the agency's written decision.

{¶14} Roberts argues that the trial court erroneously determined the source of Roberts' right to appeal was R.C. 3319.11(G)(7) in conjunction with R.C. 2505.03(A) and R.C. 2506.01, rather than solely R.C. 3319.11(G)(7). Roberts' foundation for this argument is *Hansford v. Steinbacher*, an unemployment benefits case in which the Ohio Supreme Court stated that "where a right of appeal is conferred by statute the appeal can only be perfected in the mode prescribed by that statute." (1987), 33 Ohio St. 3d 72, 72, 514 N.E.2d 1385. Applying *Hansford*, Roberts argues that since he complied with R.C. 3319.11(G)(7), he perfected his appeal which was all that was required to vest jurisdiction in the trial court.

{¶15} The analysis in *Hansford* is largely ineffective in the present case as R.C. 3319.11(G)(7) does not prescribe the mode of perfecting an appeal, unlike R.C. 4141.28(O), the statute at issue in *Hansford*. See *Kiel*, 69 Ohio St.3d 149 (for the proposition that R.C. 3319.11(G)(7) does not prescribe the mode of perfecting an appeal); see, also, discussion of *Manholt*, infra. R.C. 3319.11(G)(7) and R.C. 4141.28(O) are inapposite in that the latter explicitly specifies the manner in which an appeal must be taken, filed, and perfected. It then provides, "[s]uch filing shall be the only act required to perfect the appeal and vest jurisdiction in the court." Id. citing R.C. 4141.28(O). In the present case,

however, R.C. 3319.11(G)(7) does not prescribe the mode of perfection, nor does it specify that the statute itself mandates how an appeal is perfected or that it confers jurisdiction in the court of common pleas.

{¶16} Next, Roberts argues that Chapters 2505 and 2506 govern the appellate process once the appeal has been filed and perfected pursuant to R.C. 3319.11(G)(7). In support of this argument, Roberts cites *Kiel* and *Estock v. Conneaut Area City School District Board of Education.* Roberts asserts that R.C. 2505.04, which governs the perfection of an appeal, does not apply to appeals brought under R.C. 3319.11(G)(7).

{¶17} The holding in *Kiel*, supra, was that since R.C. 3319.11(G)(7) is silent as to the procedure to be followed on appeal, the procedural provisions of Revised Code Chapter 2506 govern. The issue in *Kiel* was whether the school board could supplement the record in the court of common pleas. The Supreme Court held that since R.C. 3319.11(G)(7) is silent as to the procedure that must be followed, R.C. 2506 applies. Notably, this case did not address the perfection of an appeal, the court of common pleas' jurisdiction over R.C. 3319.11(G)(7) appeals, or the application of Chapter 2505. The holding in *Kiel* affects the case sub judice only insofar as R.C. Chapter 2506 governs the procedure to be followed after the appeal has been perfected.

**{¶18}** In further support of his proposition, Roberts cites *Estock v. Conneaut Area City School District Board of Education* (1993), 11th Dist. No. 92-A-1757. In *Estock*, the Eleventh District stated that R.C. 3319.11(G)(7) only precludes application of R.C. Chapters 2505 and 2506 if they govern substantive matters on appeal. The court explained that since R.C. 3319.11(G)(7) limits a teacher's right to appeal a board of education's decision to non-renew the teacher only to the extent that the board of education did not follow the proper statutory procedure and not whether the decision was proper substantively, statutes governing this variety of administrative appeals apply only if they govern procedural rather than substantive review. The Eleventh District never determined whether R.C. 2505.04 was a procedural or substantive provision. Therefore, *Estock* does not stand for the proposition Roberts urges as it does not state that Chapters 2505 and 2506 only govern the process of an appeal after it has been properly filed in the court of common pleas, but rather, that R.C. 3319.11(G)(7) appeals are limited to review only the procedure followed by the board of education.

**{¶19}** The final case Roberts cites is *Manholt v. Maplewood Joint Vocational School District Board of Education* (Aug. 21, 1992), 11th Dist. No. 91-P-2410, which he urges this Court to distinguish. *Manholt* is a strikingly similar case from the Eleventh District, which we find to be persuasive. In that case,

Donna Manholt was employed as a teacher by Maplewood from 1989 to 1991 when Maplewood decided not to re-employ her. After a non-renewal hearing, Manholt filed a complaint in the court of common pleas pursuant to R.C. 3319.11(G)(7), but did not file a notice of appeal with Maplewood within thirty days of Maplewood's affirmance of its decision not to re-employ her. Maplewood filed a motion to dismiss for lack of subject matter jurisdiction for failure to timely file the notice of appeal. The trial court granted the motion and the Eleventh District affirmed, holding that " . . . in the absence of a special statutory or rule provision providing otherwise, since appellant failed to file a notice of appeal with appellee within thirty days, the trial court properly dismissed appellant's complaint [for lack of subject matter jurisdiction] . . ." Id. at *2. Specifically, the court of appeals stated the following:

> **In the case at bar, the right to appeal the decision of appellee affirming its previous intention not to re-employ appellant as a school teacher is conferred by both R.C. 2506.01 and 3319.11(G)(7). Neither of these statutory provisions explicitly state how the notice of appeal is to be perfected. Accordingly, we must apply relevant sections of R.C. Chapter 2505, i.e. R.C. 2505.03, 2505.04, and 2505.07.**

Id. at *4.

{¶20} Lastly, Roberts argues that R.C. 3319.11(G)(7) is part of the Ohio Teachers' Tenure Act which must be liberally construed in order to provide teachers with employment stability. Roberts asserts that requiring R.C.

-11-

3319.11(G)(7) appeals to be perfected pursuant to R.C. 2505.04 in order for the court of common pleas to have jurisdiction would be inconsistent with the purpose of providing job protection for teachers as it would limit their ability to file an appeal. We think this is a hollow argument. Requiring teachers to perfect their appeal according to R.C. 2505.04 is not an impediment to filing an appeal, but rather is a preliminary step required to provide notice to the administrative body. Further, filing a notice of appeal is standard procedure. There is no reason why an exception should be made for teachers' appeals from an administrative board.

{¶21} Moreover, if we were to hold that R.C. 2505.04 is inapplicable in this context, we would essentially render R.C. 2505.04 superfluous. There is a difference between liberal construction and vitiating a statute. "Such liberal construction should not result in the exercise of the legislative power of amendment under the guise of statutory interpretation." *Manholt*, at \*5, citing *State v. Moore* (Jan. 20, 1992), 4th Dist. No. 91 CA 1966; *Nelson v. Admr., Ohio Bur. Of Emp. Services* (Aug. 19, 1987), 4th Dist. No. 1327.

{¶22} Accordingly, we overrule Roberts' assignment of error.

{¶23} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**PRESTON and WILLIAMOWSKI, J.J., concur.**
**/jlr**

-12-