STURDIVANT, Appellee,

v.

**TOLEDO BOARD OF EDUCATION, Appellant.**

[Cite as *Sturdivant v. Toledo Bd. of Edn.*, 157 Ohio App.3d 401, 2004-Ohio-2878.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–03–1235.

Decided June 4, 2004.

Lafe Tolliver, for appellee.

Lisa E. Pizza, for appellant.

LANZINGER, Judge.

{¶ 1} This is an appeal from a judgment issued by the Lucas County Court of Common Pleas on a school board's administrative decision not to rehire a teacher. Because we conclude that the trial court erred in returning the case to the school board, we reverse and remand for a hearing before the court of common pleas.

{¶ 2} The following facts are undisputed. Appellee, Gloria J. Sturdivant, was hired as a first-year teacher under a "limited contract" by appellant, the Toledo Board of Education ("board"). She taught during the 2001–2002 school year and was evaluated under standards and procedures established under a collective bargaining agreement ("CBA") with the board known as "The Toledo Plan–Intern, Intervention, Evaluation." This plan is administered by the Intern Board of Review ("IBOR"), which oversees the evaluation process and recommends whether limited contracts should be renewed. On April 17, 2002, the IBOR

informed Sturdivant by letter that, based upon her internship evaluations, she was not being recommended for a contract for 2002–2003. Following the letter's instructions, Sturdivant requested a meeting to appeal the IBOR's decision.

{¶ 3} Meanwhile, the board advised Sturdivant that at its next meeting, it would "consider the recommendation not to renew" her contract. On April 29, 2002, the board met in regular session and approved the IBOR's recommendation.

{¶ 4} Sturdivant did meet with the IBOR but was unsuccessful in changing its recommendation, which it reconfirmed by a letter dated May 9, 2002. She received a May 14, 2002 certified letter from the board on May 17, 2002, officially notifying her that her contract would not be renewed.

{¶ 5} Sturdivant then appealed the board's decision with the Lucas County Court of Common Pleas, and requested as the record for the court's review, her personnel file, written observations and evaluations by any board personnel, midterm and final evaluations, recommendations regarding the nonrenewal of her contract, as well as any appeals and related transcripts of all hearings. The board complied, filing the record with the court on July 25, 2002, and refiling it on May 22, 2003, when the first record could not be located.

{¶ 6} At the common pleas level, Sturdivant alleged that the board denied her due process and failed to comply with R.C. 3319.11 and 3319.111 (evaluation procedures.) The board opposed Sturdivant's administrative appeal, arguing that it was not timely filed and that the CBA's evaluation plan and procedures superseded those statutory sections, as permitted by R.C. Chapter 4117 (collective bargaining agreements).

{¶ 7} The only reference in the record to the actual CBA evaluation plan was a quote in Sturdivant's notice of appeal:

{¶ 8} "Revised evaluation standards and criteria shall be published by the Board free of charge in booklet form to each member o[f] the bargaining unit.

{¶ 9} "Notwithstanding the provisions of the Ohio Revised Code Sections 3319.11 and 3319.111, as revised by the 1988 Ohio House Bill 330 (see Appendix O, pg. 265), the procedures, time lines, and all other matters regarding evaluation will be governed by the document, *The Toledo Plan—Intern, Intervention, Evaluation*. Subsequent changes must be mutually agreed [upon] by the Federation and the Board.

{¶ 10} "APPENDIX O

{¶ 11} "The Board and the Federation hereby agree that:

{¶ 12} "The procedures for the evaluation of teachers employed under limited contracts, the employment and reemployment of such teachers, and the nonre-

newal of limited contracts, as set forth in the current collective bargaining agreement, and by the intern-intervention program, and established practices thereunder, shall supersede the provisions of Ohio Revised Code Sections 3319.11 and 3319.111, as revised by 1988 Ohio House Bill 330, in their entirety."

{¶ 13} After reviewing the record, the court determined that Sturdivant had timely appealed the board's decision under R.C. 2505.07 [1] and 3319.16.[2] Noting that neither party had provided a complete copy of the CBA evaluation plan, the court ultimately found that because Sturdivant had not been permitted to present evidence or cross-examine witnesses under oath, there were deficiencies in the procedures at the administrative hearing. Since this resulted in insufficient evidence contained in the record, the court remanded the case to the board for a "rehearing."

{¶ 14} The board now appeals from that judgment, setting forth the following four assignments of error:

{¶ 15} "[1.] The common pleas court erred when it refused to consider the provisions of collectively bargained agreements regarding non-renewal procedures.

{¶ 16} "[2.] The common pleas court erred regarding applicable law and abused its discretion by ordering the Board of Education to conduct a 're-hearing.'

{¶ 17} "[3.] The common pleas court erred when it concluded that Ms. Sturdivant's administrative appeal was timely filed.

{¶ 18} "[4.] In the event that a re-hearing is ordered, what is the proper forum, and what procedures should be required?"

## I

{¶ 19} We will first consider the board's third assignment of error, which asserts that Sturdivant's appeal was not timely filed.

{¶ 20} R.C. Chapter 2506,[3] in conjunction with R.C. Chapter 2505, governs the procedure that must be followed in filing a notice of an appeal from

---

1. R.C. 2505.07 states that "[a]fter the entry of a final order of an administrative * * * board, * * * the period of time within which the appeal shall be perfected, unless otherwise provided by law, is thirty days."

2. R.C. 3319.16 provides that "[a]ny teacher affected by an order of termination of contract may appeal to the court of common pleas of the county in which the school is located within thirty days after receipt of notice of the entry of such order."

3. R.C. 2506.01 provides that "every final order, adjudication, or decision of any * * * board * * * of any political subdivision of the state may be reviewed by the court of common pleas

an administrative decision of a school board. See *Kiel v. Green Local School Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 149, 630 N.E.2d 716. R.C. 2505.07 provides that, generally, a party has 30 days after a final administrative order to file an appeal. Reasonable notice of a final order is essential to due process and fundamental to the right of appeal. *Moldovan v. Cuyahoga Cty. Welfare Dept.* (1986), 25 Ohio St.3d 293, 296, 25 OBR 343, 496 N.E.2d 466. In the absence of applicable statutory provisions, if certified mail is used to give notice of an order or decision, the appeal time begins to run from the date of receipt. See *State ex rel. Francu v. Windham Bd. of Edn.* (1986), 25 Ohio St.3d 351, 352, 25 OBR 403, 496 N.E.2d 902, citing *State ex rel. Peake v. S. Point Local School Dist. Bd. of Edn.* (1975), 44 Ohio St.2d 119, 122, 73 O.O.2d 437, 339 N.E.2d 249.

{¶ 21} Here, Sturdivant appealed from the board's final decision not to reemploy her, rather than the IBOR's recommendation upon which the board relied in making that decision. Although the board may have acted at the April 29, 2002 meeting, she did not receive actual notice of its action until May 17, 2002. Within 30 days of receiving the board's decision, Sturdivant filed her notice of appeal with the common pleas court on June 13, 2002. Nothing was offered to the trial court to show that Sturdivant was required to follow any other procedure set forth in the CBA. As a result, Sturdivant was permitted to appeal from the board's decision not to renew her teaching contract within the 30–day time limit of R.C. 2505.07. Accordingly, the trial court properly found that her appeal was timely and the third assignment of error is found not well taken.

## II

{¶ 22} In the first assignment of error, the board contends that the court erred by not considering the provisions of the collective bargaining agreement concerning nonrenewal of teachers.

{¶ 23} Before 1989, nontenured teachers hired under limited contracts had no expectancy of continuing employment, and, thus, due process rights were not implicated when their contracts were terminated. See former R.C. 3319.11; *Delong v. Southwest School Dist. Bd. of Edn.* (1973), 36 Ohio St.2d 62, 65 O.O.2d 213, 303 N.E.2d 890, paragraphs one and two of the syllabus. Effective July 1, 1989, amended R.C. 3319.11(E) now requires school boards to give notice of nonrenewal to limited contract teachers. *Estock v. Conneaut Area City School Dist. Bd. of Edn.* (Sept. 30, 1993), Ashtabula App. No. 92–A–1757, 1993 WL

---

of the county in which the principal office of the political subdivision is located as provided in Chapter 2505 of the Revised Code, except as modified by this chapter.* * * " See, also, *In re Carlisle Ridge Village* (1968), 15 Ohio St.2d 177, 44 O.O.2d 150, 239 N.E.2d 26 (unless conflicting with R.C. Chapter 2506, provisions of R.C. Chapter 2505 apply to the perfection and notice of an administrative appeal).

408168; *Manholt v. Maplewood Joint Vocational School Dist. Bd. of Edn.* (Aug. 21, 1992), Portage App. No. 91–P–2410, 1992 WL 207800. Moreover, R.C. 3319.11(G)(7) creates a right to a hearing before the school board and a limited right to an administrative appeal as set forth within R.C. Chapter 2506. *Kiel v. Green Local School Dist. Bd. of Edn.*, supra, 69 Ohio St.3d at 152, 630 N.E.2d 716. In addition, R.C. 3319.111 provides for standardized evaluation procedures. Thus, R.C. Chapter 3319 was specifically revised to give due process safeguards to nontenured teachers. *Geib v. Triway Local Bd. of Edn.* (1999), 84 Ohio St.3d 447, 449, 705 N.E.2d 326; *Kiel,* supra, 69 Ohio St.3d at 150, 630 N.E.2d 716.

{¶ 24} R.C. Chapter 4117, however, permits a school board and its teachers to enter into a CBA, to expressly opt out of the statutory evaluation procedures of R.C. 3319.11 and 3319.111, and agree to alternate procedures. See R.C. 4117.01 et seq.; *Naylor v. Cardinal Local School Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 162, 630 N.E.2d 725. Nonetheless, R.C. 4117.10 states: "Where no agreement exists or where an agreement makes no specification about a matter, the public employer and public employees are subject to all applicable state or local laws or ordinances pertaining to the wages, hours, and terms and conditions of employment for public employees." Thus, while a CBA may provide for alternative evaluation procedures, in our view, it must still offer comparable due process protections contemplated by the legislature which enacted the safeguards of R.C. Chapter 3319. See, also, *Naylor,* supra, at paragraph two of the syllabus.

{¶ 25} In the present case, as the common pleas court correctly determined, a copy of the CBA evaluation plan was not included in the record or offered during the administrative appellate proceedings. While Sturdivant may have referred to a portion of the CBA, no substantive evidence of the actual evaluation plan and procedures was ever provided. Without the complete agreement, the board could not establish whether the CBA contains adequate evaluation procedures which truly supersede all the requirements of R.C. 3319.11 and 3319.111. Thus, the court committed no error in failing to consider an agreement that was not provided, and the first assignment of error is not well taken.

## III

{¶ 26} In its second assignment of error, the board argues that the court erred in applying the law and in ordering a rehearing.

{¶ 27} In an appeal of the common pleas court's administrative appeal decision, an appellate court does not review the administrative agency's action directly, but, instead, reviews the court's action and factual findings for abuse of discretion. See *State Emp. Relations Bd. v. Adena Local School Dist. Bd. of Edn.* (1993), 66 Ohio St.3d 485, 613 N.E.2d 605; *Kisil v. Sandusky* (1984), 12 Ohio

St.3d 30, 34, 12 OBR 26, 465 N.E.2d 848. The abuse-of-discretion standard, however, is not applied to the common pleas court's determinations of law. *In re Kralik* (1995), 101 Ohio App.3d 232, 235–236, 655 N.E.2d 273. An appellate court must determine, pursuant to R.C. 2506.04, whether, as a matter of law, the decision of the common pleas court has correctly applied the law to the facts as determined by the agency and the common pleas court. *Kisil,* supra.

{¶ 28} We also note that a common pleas court's scope of review is more limited in R.C. Chapter 3319 appeals than in standard administrative appeals under R.C. Chapters 2505 and 2506. R.C. 3319.11(G)(7)[4] allows an appeal to the court of common pleas only on the grounds that a board of education has not complied with R.C. 3319.11 or 3319.111. Where a CBA supersedes those sections, however, the standard of review is governed by R.C. 2506.04.[5] Under this standard, the common pleas court considers the "whole record," including any new or additional evidence admitted under R.C. 2506.03, and determines whether the law was properly applied and whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence. *Henley v. Youngstown Bd. of Zoning Appeals* (2000), 90 Ohio St.3d 142, 147, 735 N.E.2d 433. See, also, *Smith v. Granville Twp. Bd. of Trustees* (1998), 81 Ohio St.3d 608, 612, 693 N.E.2d 219, citing *Dudukovich v. Lorain Metro. Hous. Auth.* (1979), 58 Ohio St.2d 202, 206–207, 12 O.O.3d 198, 389 N.E.2d 1113.

---

4. This section, which applies to limited-contract teachers, states that "[n]otwithstanding section 2506.04 of the Revised Code, the court in an appeal under this division is limited to the determination of procedural errors and to ordering the correction of procedural errors and shall have no jurisdiction to order a board to reemploy a teacher, except that the court may order a board to reemploy a teacher * * * when the court determines that evaluation procedures have not been complied with pursuant to division (A) of section 3319.111 * * * or the board has not given the teacher written notice on or before the thirtieth day of April of its intention not to reemploy the teacher * * *. Otherwise, the determination whether to reemploy or not reemploy a teacher is solely a board's determination and not a proper subject of judicial review and, except as provided in this division, no decision of a board whether to reemploy or not reemploy a teacher shall be invalidated by the court on any basis, including that the decision was not warranted * * * by any statement given pursuant to division (G)(2) of this section.* * * "

5. {¶ a} The general standard of review for administrative appeals under R.C. 2506.04 provides that the common pleas court may find that the board's decision "is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court. * * * "

   {¶ b} Nothing in the record indicates that the CBA reserves the more limited standard of the superseded R.C. 3319.11. If, on remand, evidence is presented that the CBA has reserved the R.C. 3319.11 review standard, then that standard of review will apply.

{¶ 29} Since the board itself did not conduct an actual hearing in Sturdivant's case, we must determine what procedures apply to her appeal in the common pleas court. Generally, no right to confrontation and cross-examination attaches to a pretermination hearing of a public employee. See *Ohio Assn. of Public School Emp., AFSCME, AFL–CIO v. Lakewood City School Dist. Bd. of Edn.* (1994), 68 Ohio St.3d 175, 177, 624 N.E.2d 1043, citing *Cleveland Bd. of Edn. v. Loudermill* (1985), 470 U.S. 532, 545, 105 S.Ct. 1487, 84 L.Ed.2d 494. Public employment, however, has been deemed to constitute a statutorily created property right that cannot be taken without some measure of due process. *Ohio Assn.,* supra. See, also, *Loudermill,* supra; *Arnett v. Kennedy* (1974), 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15; and *Jackson v. Kurtz* (1979), 65 Ohio App.2d 152, 157, 19 O.O.3d 105, 416 N.E.2d 1064 (if state law gives a right to continued employment unless there is good cause for discharge, a legitimate property interest exists and the employee must be afforded procedural due process before deprivation of that right). Moreover, terminated public employees possess the right to cross-examine witnesses. See *Durham v. Pike Cty. Joint Vocational School,* 150 Ohio App.3d 148, 2002-Ohio-6300, 779 N.E.2d 1051, at ¶ 33.

{¶ 30} As the trial court correctly noted R.C. 2506.03, a procedural guide for administrative appeals to the common pleas court, provides:

{¶ 31} "(A) The hearing of such appeal shall proceed as in the trial of a civil action, but the court shall be confined to the transcript as filed pursuant to section 2506.02 of the Revised Code unless it appears, on the face of that transcript or by affidavit filed by the appellant, that one of the following applies:

{¶ 32} "(1) The transcript does not contain a report of all evidence admitted or proffered by the appellant;

{¶ 33} "(2) The appellant was not permitted to appear and be heard in person, or by his attorney, in opposition to the final order, adjudication, or decision appealed from, and to do any of the following:

{¶ 34} "(a) Present his position, arguments, and contentions;

{¶ 35} "(b) Offer and examine witnesses and present evidence in support;

{¶ 36} "(c) Cross-examine witnesses purporting to refute his position, arguments, and contentions;

{¶ 37} "(d) Offer evidence to refute evidence and testimony offered in opposition to his position, arguments, and contentions;

{¶ 38} "(e) Proffer any such evidence into the record, if the admission of it is denied by the officer or body appealed from.

{¶ 39} "(3) The testimony adduced was not given under oath;

{¶ 40} "(4) The appellant was unable to present evidence by reason of a lack of the power of subpoena by the officer or body appealed from or the refusal, after request, of such officer or body to afford the appellant opportunity to use the power of subpoena when possessed by the officer or body;

{¶ 41} "(5) The officer or body failed to file with the transcript, conclusions of fact supporting the final order, adjudication, or decision appealed from;

{¶ 42} "If any circumstance described in divisions (A)(1) to (5) of this section applies, the court shall hear the appeal upon the transcript and such additional evidence as may be introduced by any party. At the hearing, any party may call, as if on cross-examination, any witness who previously gave testimony in opposition to such party."

{¶ 43} Thus, R.C. 2506.03 specifically provides terminated employees with the opportunity for more thorough post-termination hearings. *Ohio Assn.,* supra, 68 Ohio St.3d at 178, 624 N.E.2d 1043, citing *Loudermill,* 470 U.S. at 546–547, 105 S.Ct. 1487, 84 L.Ed.2d 494. If an administrative hearing record is incomplete, if testimony was not given under oath, or if an appellant was not permitted to offer and examine or cross-examine witnesses or present evidence and do all such other things customarily allowed by due process, the common pleas court " 'shall hear the appeal upon the transcript and such additional evidence as may be introduced by the party.' " *Lewis v. Fairborn* (1996), 116 Ohio App.3d 602, 604, 688 N.E.2d 1082, quoting R.C. 2506.03.

{¶ 44} In this case, the trial court cited R.C. 2506.03, noting that witnesses did not testify and Sturdivant was unable to offer evidence of her own. There was no transcript of any "hearing" and no copy of the CBA's evaluation plan placed in the record. Thus, on its face, the incomplete record did not provide sufficient evidence from which the trial court could review the propriety of the board's actions. The court then relied on R.C. 3319.16,[6] however, and ordered a "rehearing" by the board.

{¶ 45} As we noted, the legislature specifically enacted R.C. 3319.11 and 3319.111 to provide specific and exclusive review procedures to protect the due process rights of limited-contract teachers. Unlike R.C. 3319.16, those sections provide for an appeal to the common pleas court, rather than an additional full hearing before the school board. In our view, R.C. 3319.16 applies only to teachers under continuing contracts, not those with limited contracts. Consequently, the court's reliance on R.C. 3319.16 was in error.

---

6. R.C. 3319.16 provides for the school board's review of its decision to terminate a teacher's contract, including the requirements of a full hearing, with the presentation of evidence, compulsory process and cross-examination of witnesses, and the stenographic recording of the proceedings.

{¶ 46} Rather than returning the matter to the board, the trial court itself should have conducted a hearing under R.C. 2506.03 and permitted the parties to offer sworn testimony, documents, or other evidence to determine whether the applicable evaluation procedures were used. Therefore, as the common pleas court erred in remanding the case to the board for rehearing, appellant's second assignment of error is found well taken as to the trial court's remand to the board for rehearing and the fourth assignment of error is deemed to be moot.

{¶ 47} The judgment of the Lucas County Court of Common Pleas is affirmed in part and reversed in part. This case is remanded to the trial court for a hearing pursuant to R.C. 2506.03, and for further proceedings consistent with this decision. Court costs of this appeal are assessed equally between the parties.

Judgment affirmed in part,
reversed in part
and cause remanded.

PETER M. HANDWORK, P.J., and MARK L. PIETRYKOWSKI, J., concur.