OPINION
{¶ 1} Plaintiff-Appellant/Cross-Appellee, Donald Antram, appeals the judgment of the Hardin County Court of Common Pleas dismissing his appeal against Defendant-Appellee/Cross-Appellant, Upper Scioto Valley Local School District Board of Education ("USV") for lack of jurisdiction. On appeal, Antram contends that the trial court erred when it dismissed his appeal. Additionally, USV cross-appeals, asserting that the trial court erred in making findings after determining that it lacked jurisdiction. Based upon the following, we affirm the judgment of the trial court.
 {¶ 2} The following facts are undisputed. USV hired Antram for a teaching position in 2002 for the 2002/2003 school year. For the 2005/2006 school year, USV employed Antram under a one-year limited teaching contract. However, in the summer of 2005, several female students alleged that Antram stared at them; that he interfered with their personal space; that he discussed inappropriate matters in the classroom; and, that, on several occasions, he had *Page 3 
erections while in the classroom. USV held a meeting in August 2005 to discuss the allegations and, following an internal investigation, USV assigned Antram to work from home for the remainder of the 2005/2006 school year. Although he was assigned to work from home, Antram reported to the school in December 2005 and March 2006 in order to be evaluated pursuant to procedures set forth in the USV and Upper Scioto Valley Teacher's Association Collective Bargaining Agreement ("CBA"). Antram received these evaluations in January 2006 and April 2006. On April 24, 2006, Upper Scioto Valley Superintendent Nancy Allison filed a recommendation that USV not renew Antram's teaching contract, which USV accepted. On April 27, 2006, USV notified Antram in writing that it did not intend to renew his contract. Antram timely requested a written statement of circumstances, and, in October 2006, USV provided Antram with a detailed explanation of its decision not to renew his contract. Thereafter, Antram requested a hearing pursuant to R.C. 3319.11(G), which he received. Subsequently, Antram sought redress through the procedures set forth in the CBA, in addition to filing an appeal in the Hardin County Court of Common Pleas.
 {¶ 3} In February 2008, the trial court issued its decision regarding USV's April 2006 decision not to renew Antram's teaching contract. First, the trial court found that USV failed to comply with the evaluation procedures set forth in the CBA in its determination not to renew Antram's teaching contract. Next, the trial *Page 4 
court found that the CBA superseded the evaluation procedures set forth in R.C. 3319.111, and that the CBA bound the parties to arbitration for dispute resolution. Thus, the trial court concluded that it did not have jurisdiction and dismissed the appeal.
 {¶ 4} It is from the trial court's February 2008 decision that Antram appeals and USV cross-appeals, presenting the following assignment of error and cross-assignment of error, respectively, for our review.
 Antram's Assignment of Error THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DISMISSED DONALD ANTRAM'S APPEAL.
 USV's Cross-Assignment of Error THE TRIAL COURT ERRED IN MAKING A FINDING THAT THE BOARD DID NOT COMPLY WITH ALL APPLICABLE EVALUATION REQUIREMENTS.
 Antram's Assignment of Error {¶ 5} In his sole assignment of error, Antram contends that the trial court erred in dismissing his appeal for lack of jurisdiction. Specifically, Antram argues that the trial court erred when it found that the CBA fully superseded and replaced state law; and, that the trial court erred when it found that the CBA clearly and unequivocally bound the parties to arbitration as the sole and exclusive method for resolving disputes regarding the non-renewal of teacher contracts. We disagree. *Page 5 
 {¶ 6} An appellate court reviews de novo a trial court's dismissal for lack of subject matter jurisdiction under Civ. R. 12(B)(1). Galat v.Hamilton City School Dist. Bd. of Edn. (1998), 12th Dist. No. CA 98-01-17, 1998 WL 744028, citing Shockey v. Fouty (1995),106 Ohio App.3d 420.
 {¶ 7} Under Ohio law, there are two different types of teaching contracts. Calkins v. Adams County/Ohio Valley Local School Dist, 4th Dist. No. 00-LW-2898, 2000 WL 886425. Limited contracts may be granted to a teacher for a period of five years or less. Id.; R.C. 3319.08(A)(3). Teachers qualifying for certain licensure or certification, however, may be granted a continuing contract. Id.; R.C. 3319.08(B). When a board of education desires not to renew a teacher's contract for the upcoming school year, R.C. 3319.11 requires the board to comply with specific procedures if the teacher is eligible for a continuing contract. The board of education must evaluate the teacher pursuant to R.C. 3319.111 and notify the teacher of its intention prior to April 30 of the current school year. Calkins, supra; R.C. 3319.11(B)(2). If the board informs a teacher that it does not intend to renew his contract, the teacher may demand a written statement of circumstances pursuant to R.C. 3319.11(G)(2). Thereafter, the board may elect to affirm its decision of non-renewal or may renew the teaching contract. Id. If the board chooses to continue with its decision of non-renewal, the teacher may appeal its decision to the common pleas court pursuant to R.C. 3319.11(G)(7). Id. A *Page 6 
teacher's only grounds for appeal to a common pleas court is where the board of education failed to comply with R.C. 3319.11 or 3319.111.Sturdivant v. Toledo Bd. of Edn, 157 Ohio App.3d 401, 2004-Ohio-2878, ¶ 28; R.C. 3319.11(G)(7).
 {¶ 8} A collective bargaining agreement may provide for different evaluation procedures than are required by R.C. 3319.111. Naylor v.Cardinal Local School Dist. Bd. of Edn. (1994), 69 Ohio St.3d 162,164-165, citing R.C. 4117.10(A). However, in order for evaluation procedures set forth in a bargaining agreement to supersede the statutory evaluation procedures, the bargaining agreement must explicitly provide that it supersedes R.C. 3319.111. Id. at 165;State ex rel. Ohio Assn. of Pub. School Emp. v. Batavia Local SchoolDist., 89 Ohio St.3d 191, 2000-Ohio-130, paragraph one of the syllabus. In Naylor, the Supreme Court addressed a bargaining agreement that provided evaluation procedures, but did not explicitly provide that it superseded the statutory evaluation procedures of R.C. 3319.111. The Court concluded that the board of education was required to comply with both the evaluation process set forth in the bargaining agreement as well as the statutory evaluation procedures because the bargaining agreement did not specifically exclude or negate the rights set forth in R.C. 3319.111.
 {¶ 9} Additionally, when a collective bargaining agreement "provides for binding arbitration[,] * * * arbitration is the exclusive remedy for violations of *Page 7 
employees' rights arising from the collective bargaining agreement." (Emphasis sic.) Brannen v. Kings Local School Dist. Bd. of Edn. (2001),144 Ohio App.3d 620, 628. See, also, Calkins, supra (holding that "disputes involving evaluation procedures imposed by a collective bargaining agreement are subject to any arbitration clause contained in the agreement"); Galat, supra. Further, the Supreme Court of Ohio has stated, "`[i]t is the policy of the law to favor and encourage arbitration and every reasonable intendment will be indulged to give effect to such proceedings and to favor the regularity and integrity of the arbitrator's acts.'" Mahoning Cty. Bd. of Mental Retardation andDevelopmental Disabilities v. Mahoning Cty. TMR Educ. Assn. (1986),22 Ohio St.3d 80, 84, quoting Campbell v. Automatic Die Prod. Co. (1954),162 Ohio St. 321, 329.
 {¶ 10} Here, Antram specifically argues that the CBA does not fully supersede and replace Ohio law and that he is not bound to arbitration as a sole method for resolving his dispute with USV's evaluation procedures. Antram argues that R.C. 3319.111 governs the evaluation of a teacher who is employed under a limited contract unless the CBA specifically states otherwise; that, although Article 19(A) of the CBA supersedes R.C. 3319.111, governing the evaluation procedures, the CBA does not specifically supersede R.C. 3319.11, governing procedural protections; that jurisdiction in this matter was conferred to the Hardin County Court of Common Pleas by R.C. 3319.11(G)(7), which *Page 8 
authorizes a teacher to appeal to the court of common pleas; and, that the statute evinces a distinction between evaluations standing alone and evaluations as part of a due-process governed sequence of events.
 {¶ 11} In the case before us, Article 19 of the CBA sets forth the teacher evaluation process and specifically provides that "[t]his plan shall supersede O.R.C. § 3319.111." Additionally, Article 9 of the CBA describes the grievance procedure. "Grievance" is defined as "a claim by the Association or by one or more teachers that there has been a violation, misinterpretation or misapplication of a provision of the Agreement, or a violation, misapplication or misinterpretation of Board Policy." The CBA then describes four levels of formal grievance procedure, culminating in the aggrieved party submitting his grievance to binding arbitration. Further, the CBA provides that the procedures contained in Article 9 "constitute the sole and exclusive method of considering the redressing of grievances[,] * * *" and that, "it is expressly understood and agreed that neither the Association nor any teacher shall engage in actions which are not expressly provided for in the grievance procedure such as litigation or charges * * * in connection with any dispute which is or could have been a matter presented as a grievance and which has or could have been taken to arbitration Level Four within this grievance procedure." Thus, in summary, the CBA provides for binding arbitration for grievances arising under provisions of the CBA. *Page 9 
 {¶ 12} We agree with the trial court's finding that the teacher evaluation process set forth in the CBA explicitly supersedes the statutory evaluation process in R.C. 3319.111. Thus, disputes concerning teacher evaluation arise under a "provision" of the CBA as defined by Article 9 of the CBA. The grievance procedure described by Article 9 provides for binding arbitration as the exclusive method for resolution of grievances arising under provisions of the CBA. Here, the substance of Antram's dispute with USV was that it did not follow the teacher evaluation process set forth in the CBA. Accordingly, Antram's sole means of redress is the grievance procedure set forth in Article 9 of the CBA, including arbitration, and the trial court was correct in concluding that it did not have jurisdiction to entertain his appeal.
 {¶ 13} We note that Antram cites Naylor, 69 Ohio St.3d 162, for the proposition that he may simultaneously seek redress through the CBA and through the courts. However, Naylor is distinguishable from the facts at hand. In Naylor, the Supreme Court concluded that the board of education was required to comply with both the evaluation process set forth in the collective bargaining agreement as well as the statutory evaluation procedures because the bargaining agreement did not specifically excludeor negate the rights set forth in R.C. 3319.111. Conversely, the CBA at issue here explicitly provided that it superseded the *Page 10 
evaluation procedures set forth in R.C. 3319.111. Accordingly, Antram cannot seek redress through the courts.
 {¶ 14} Accordingly, we overrule Antram's assignment of error.
 USV's Cross-Assignment of Error {¶ 15} In its sole cross-assignment of error, USV contends that the trial court erred in making findings that USV did not comply with all applicable evaluation requirements. Specifically, USV argues that the trial court erred in considering this issue after determining that the parties were bound to arbitration and that it did not possess jurisdiction to hear the appeal. We agree that the trial court should not have made these findings after determining that it did not possess jurisdiction to hear the appeal; however, our resolution of Antram's assignment of error renders this cross-assignment of error moot, and we decline to address it. App. R. 12(A)(1)(c).
 {¶ 16} Having found no error prejudicial to the appellant or cross-appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 SHAW, P.J., and WILLAMOWSKI, J., concur. *Page 1