[Cite as *Saul v. Jefferson Twp. Local School Dist. Bd. of Edn.*, 2012-Ohio-1574.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
### MONTGOMERY COUNTY

GEORGE SAUL      :

            :  Appellate Case No. 24801

  Plaintiff-Appellee   :

            :  Trial Court Case No. 2010-CV-5789

v.           :

            :

JEFFERSON TOWNSHIP LOCAL  :  (Civil Appeal from

SCHOOL DISTRICT BOARD  :   Common Pleas Court)

OF EDUCATION     :

            :

  Defendant-Appellant  :

            :

. . . . . . . . . . .

## O P I N I O N

Rendered on the 6th day of April, 2012.

. . . . . . . . . . .

PETER J. RAKAY, Atty. Reg. #0011354, and LAURA E. RAKAY, Atty. Reg. #0082440, Doll, Jansen, Ford & Rakay, 111 West First Street, Suite 1100, Dayton, Ohio 45402
  Attorneys for Plaintiff-Appellee

NICHOLAS E. SUBASHI, Atty. Reg. #0033953, Subashi & Wildermuth, The Greene Town Center, 50 Chestnut Street, Suite 230, Dayton, Ohio 45440
  Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1}  The Jefferson Township Local School District Board of Education decided not to renew George Saul's teaching contract. After determining that the board failed to comply with statutory evaluation procedures, the trial court ordered the board to reemploy Saul and

ordered it to pay him full back pay. The board argues that both orders are erroneous. Finding no error in the trial court's order of reemployment, we affirm that order, but reverse and remand the matter to the trial court for a hearing to determine the amount of back pay, including the amount of set off, if any, to which the Board may be entitled.

**A. Relevant Facts and History**

{¶ 2}    Saul was a science teacher in the Jefferson Township Local School District. Five years after he began teaching there, the school district's board of education, on the recommendation of the superintendent of schools, Richard Gates, notified Saul that it was not going to renew his teaching contract for the 2010-2011 school year. Saul asked for an explanation of the board's decision and was given one in a May 12, 2010 letter from Gates. Saul asked for a hearing, and in June 2010, the board held a formal evidentiary hearing. The board affirmed its original decision in a written decision issued later that month. In support, the board cited the reason set forth in Gates's letter, found that the procedures in R.C. 3319.11 and 3319.111 had been complied with, and found that not renewing Saul's contract was in the district's students' best interest.

{¶ 3}    Saul appealed the board's decision to the common-pleas court. The board explained its decision to the court this way:

> * * * Jefferson Township Local School District is one of only nine
> Ohio districts in fiscal emergency under R.C. 3316.03. Fiscal Emergency
> Status requires that a Financial Planning and Supervision Commission be
> appointed to oversee the district, and the Commission is given certain powers
> over the district under R.C. 3316.06. In an effort to lift the pall of fiscal

emergency, the Jefferson Township Local School District Board of Education ("Jefferson") has endeavored to reduce its expenditures and to remove those teachers it believes fall short of the state standards. One teacher Jefferson chose to non-renew was George Saul.

Saul was recommended for non-renewal, not only due to the district's fiscal concerns, but also because (1) Saul taught subjects for which he held no license; (2) Jefferson does not offer any other subjects for which Saul is licensed to teach (e.g., Physics); (3) an overwhelming majority of Saul's students fail his classes; (4) Saul is one of the reasons the school district has been unable to achieve the goal of having 100% of its courses taught by highly qualified teachers; and (5) Saul has not respectfully accepted requests for improvement in instructional performance and student management.[1]

Based on the parties' briefs (no hearing was held), the trial court reversed. It determined that the board failed to follow statutory evaluation procedures under R.C. 3319.111. The court therefore ordered, under R.C. 3319.11, that the board reemploy Saul and ordered that the board pay him full back pay.

{¶ 4}    The board's appeal of the trial court's orders is now before this Court.

**B. Standard of Review**

{¶ 5}    "In an appeal of the common pleas court's administrative appeal decision, an appellate court does not review the administrative agency's action directly." *Sturdivant v.*

---

[1]Response of Appellee, Jefferson Township Local School District Board of Education, to Notice of Appeal, 1-2 (August 18, 2010). The five reasons are the same reasons stated in the superintendent's letter to Saul.

*Toledo Bd. of Edn.*, 157 Ohio App.3d 401, 2004-Ohio-2878, 811 N.E.2d 581, ¶ 27 (6th Dist.). Instead, it reviews the trial court's action and factual findings for abuse of discretion, and it reviews the court's conclusions of law, including the court's application of the law to the facts, de novo. *See id.* R.C. Chapter 3319 governs school superintendents, teachers, and other employees. In appeals under this chapter "a common pleas court's scope of review is more limited * * * than in standard administrative appeals under R.C. Chapters 2505 and 2506." *Id.* The only appeals allowed are those based on a board of education's failure to comply with R.C. 3319.11 or 3319.111. *Id.*; R.C. 3319.11(G)(7) (governing appeals of a board's order affirming its decision not to renew a teacher's limited contract).[2]

{¶ 6}     The board presents six assignments of error, which we review in two groups. The first three assignments of error relate to the trial court's order that the board reemploy Saul. The last three relate to the court's order that the board pay him back pay.

**C. Reemployment**

{¶ 7}     The first, second, and third assignments of error assert four different reasons why the trial court's reemployment order is erroneous. The first is that the board did comply with the mandatory statutory evaluation procedures. The second is that, even if it did not comply with them, reemployment is not mandatory, as the trial court here concluded, but within a court's discretion. The third is that reemploying a teacher who is not licensed to teach the subjects he was assigned to teach would violate R.C. 3319.30. The fourth contention is that a trial court violates public policy when it orders a board to reemploy a teacher, who is not licensed to teach the subjects that the teacher previously taught, when assigning the teacher to

---

[2] In September 2011 sections 3319.11 and 3319.111 were amended. The former versions of these statutes govern in this case.

subjects the teacher is licensed to teach would displace a qualified teacher currently assigned to those subjects. This, says the board, deprives the students of the benefits of being taught by a qualified, licensed teacher and is unfair to the current teacher.

1. *The statutory evaluation procedures*

{¶ 8}     Former R.C. 3319.11(G)(7) provides that a trial court may order a school board to reemploy a teacher if the court determines that the board failed to properly notify the teacher that it would not renew the teacher's contract or if "the court determines that evaluation procedures have not been complied with pursuant to division (A) of section 3319.111." Former R.C. 3319.111(A) provides that a board who has a limited contract with a teacher must "evaluate such a teacher in compliance with the requirements of this section in any school year in which the board may wish to declare its intention not to re-employ the teacher pursuant to division (B), (C)(3), (D), or (E) of section 3319.11." Division (A) further requires that (at least) two evaluations be done, each at a particular time; that the teacher be given a written report of each evaluation's results; and that any evaluation be conducted by (at least) one of the people listed in the division. Division (B) provides that a board evaluating a teacher under section 3319.111 must "adopt evaluation procedures" that must be applied in each evaluation. The division states three evaluation procedures that a board must adopt (at a minimum). There is no dispute in this case that the board gave Saul proper notice. Nor is it disputed that the board evaluated Saul twice in compliance with the three requirements in division (A). The board concedes, though, that it failed to comply with the evaluation procedure in division (B)(3).   The question here is one of law: whether division (A) encompasses division (B) such that a failure to comply with division (B) constitutes a

violation of division (A).

{¶ 9} The board contends that the clear, unambiguous language of R.C. 3319.11(G)(7) authorizes reemployment when a court determines that a board failed to comply with division (A) only. But the Ohio Supreme Court has clearly and unambiguously concluded otherwise. In *Naylor v. Cardinal Local School Dist. Bd. of Edn.*, 69 Ohio St.3d 162, 630 N.E.2d 725 (1994), the Court held "that the failure of a board of education to satisfy the requirements of R.C. 3319.111(B)(3) constitutes a failure to comply with the evaluation requirements of R.C. 3319.111(A), and such failure will permit a reviewing court to order the board to reemploy the teacher pursuant to R.C. 3319.11(G)(7)." *Naylor* at 166. The Court relied on a holding in the companion case *Farmer v. Kelleys Island Bd. of Edn.*, 69 Ohio St.3d 156, 1994-Ohio-23, 630 N.E.2d 721 (*Farmer I)*: "all of the evaluation requirements of R.C. 3319.111(B) are incorporated in R.C. 3319.111(A)." *Naylor* at 164; *see Farmer I* at 160 ("R.C. 3319.111(B) defines the evaluation procedures required under former R.C. 3319.111(A). A proper evaluation under former R.C. 3319.111(A) contains all the elements delineated in R.C. 3319.111(B)."). *Farmer I*'s holding, said the Court, "eliminat[ed] the argument that a school board's violation of evaluation requirements in R.C. 3319.111(A) is redressable under R.C. 3319.11(G)(7), but that a violation of evaluation requirements of R.C. 3319.111(B) is not." *Id*. at 164. Later in *Farmer II*, a clarifying decision, the Court expressly rejected the argument, made by the school boards in *Farmer* and *Naylor* and made by Chief Justice Moyer's dissents in those cases, that "R.C. 3319.11(G)(7) permits reinstatement *only* when there is a violation of R.C. 3319.111(*A*)." (Emphasis sic.) *Farmer v. Kelleys Island Bd. of Edn.*, 70 Ohio St.3d 1203, 1208, 638 N.E.2d 79 (1994) (giving three reasons why the

argument fails).

**{¶ 10}** The board here acknowledges the Ohio Supreme Court's holdings but suggests that the Court got it wrong. The board also asserts that, given its constitution, the current Court would likely follow the dissents. Right or wrong, whether or not the current Court would decide the issue the same, *Naylor* and *Farmer* remain the law that we are bound to follow.

2. *Reemployment: mandatory or discretionary?*

**{¶ 11}** If a court determines that a school board failed to comply with the evaluation procedures in section 3319.111, R.C. 3319.11(G)(7) provides that "the court *may* order a board to reemploy a teacher in compliance with the requirements of division (B), (C)(3), (D), or (E) of this section." (Emphasis added.). The trial court here apparently ordered the board to reemploy Saul because it concluded that reemployment is mandatory when a board fails to comply with the statutorily mandated evaluation procedures. The court pointed out that, "notwithstanding the general permissive nature of the word 'may,' the Board has not presented a single case wherein a school district that ***failed*** to comply with the statutorily mandated evaluation procedures was not ultimately ordered to reinstate the teacher with full back pay."[3] The board contends the trial court's conclusion is incorrect.

**{¶ 12}** The four divisions cited in R.C. 3319.11(G)(7) all provide that a teacher whose contract expires is automatically reemployed on certain terms if the employing school board fails to comply with the statutory evaluation procedures. These divisions further provide

---

[3] (Emphasis sic.) Final and Appealable Decision, Order and Entry Reversing the Decision of the School Board and Ordering Re-Employment of Appellant Saul, p. 9 (August 5, 2011).

that the teacher is presumed to have accepted such employment, unless the teacher tells the board otherwise. *E.g.*, R.C. 3319.11(E) (providing that "a teacher who does not have evaluation procedures applied in compliance with division (A) of section 3319.111 of the Revised Code * * * is presumed to have accepted such employment unless such teacher notifies the board in writing to the contrary"). Therefore, unless the teacher has told the school board that he does not accept employment, a trial court ordinarily must order reemployment so as to effect compliance with these divisions.

{¶ 13}  The case law supports this conclusion. In *Tulley v. Wickliffe City School Dist. Bd. of Educ.*, 11th Dist. Lake No. 95-L-014, 1996 WL 648743, *8 (July 12, 1996), the Eleventh District concluded that "once a procedural violation of R.C. 3319.111 has been established, a court of common pleas is required to reinstate the teacher." Pointing out that R.C. 3319.11(E) "expressly states that if a violation has occurred, a teacher is deemed to be automatically reinstated," the court said that the provision "supports the conclusion that the reinstatement of a teacher is mandatory whenever there is a violation of the R.C. 3319.111(A) requirement." *Id*. at *8. While the Eleventh District is apparently the only appellate court that has directly considered this issue, the correctness of its conclusion (and ours) is supported by the Ohio Supreme Court's action in *Snyder v. Mendon-Union Local School Dist. Bd. of Edn.*, 75 Ohio St.3d 69, 661 N.E.2d 717 (1996). In that case a teacher appealed a board's decision not to renew her contract to the trial court. The trial court had determined that, while the board's evaluation did not strictly comply with the statutory requirements in R.C. 3319.111(B), the board had substantially complied with the procedures required by R.C. 3319.111. So it affirmed the board's decision. Holding that *Farmer I* requires strict

compliance with R.C. 3319.111, the Ohio Supreme Court reversed and remanded. [4] Pertinently, in addition to awarding back pay, the Court ordered the board to reemploy the teacher. The Court did not order the trial court on remand to determine whether reemployment was appropriate or consider whether the trial court's decision not to order reemployment was an abuse of its discretion–this in the face of the dissent's argument that "R.C. 3319.11(G)(7) does not mandate a court to order the board to re-employ a teacher when the court determines that the board has not complied with the evaluation procedures of R.C. 3319.111(A)" but rather uses discretionary language, *see Snyder* at 73 (Cook, J., dissenting) (concluding that the trial court's decision was not an abuse of discretion). Finally, in a similar case, citing *Farmer I*, *Naylor*, and *Snyder*, we have said that "the proper remedy for failure to comply with evaluation procedures is to order re-employment of the teacher and award back pay." *Koch v. Greenville City Sch. Dist. Bd. of Edn.*, 2d Dist. Darke No. 1403, 1996 WL 697018, *5 (Dec. 6, 1996).

{¶ 14} To be clear, we are not saying that in every case in which a school board fails to comply with the statutory evaluation procedures a trial court must order reemployment. Clearly, if a teacher in a particular case tells the board that he does not accept employment–per division (B), (C)(3), (D), or (E) of section 3319.11–the trial court need not order reemployment. And there may be extraordinary situations in which a court might not order a board to reemploy a teacher. Saul did not reject employment, and we find nothing extraordinary about the situation. Reemployment in this case, therefore, was the proper remedy.

---

[4] The appellate court did not address the issue, finding it moot.

3. *Reemployment and R.C. 3319.30*

{¶ 15}   R.C. 3319.30 pertinently provides that, "except as provided in section 3319.36 of the Revised Code, no person shall receive any compensation for the performance of duties as teacher * * * who has not obtained a license of qualification for the position as provided for under section 3319.22," which governs educator licenses and the standards and requirements for obtaining them. Section 3319.36 effectively prohibits a school board from paying a teacher until the teacher files any required reports and a copy of his educator license. *See* R.C. 3319.36(A). The board contends that reemploying Saul violates section 3319.30 because Saul has not obtained a license to teach the subjects he was teaching. We disagree.

{¶ 16}   The cases cited here by the board are inapposite. In those cases, *Merry v. Perry Local Sch. Dist. Bd. of Edn.*, 5th Dist. Stark Nos. CA-7732, CA-7733, 1989 WL 82234 (July 10, 1989), and *Cutler v. Pike Cty. Joint Area Vocational Sch. Dist.*, 6 Ohio St.3d 138, 451 N.E.2d 800 (1983), the school board decided not to renew the contracts of teachers because the board eliminated the course(s) they were certified to teach. The issue was whether a board has a mandatory duty to reemploy a teacher when the subject in which the teacher is certified to teach is no longer offered by the school district. The Ohio Supreme Court in *Cutler* held that a board has no such duty. Here the issue concerns whether a trial court may order reemployment when the board that has decided not to renew a teacher's contract fails to comply with statutory evaluation procedures. This issue has little to do with whether or not the teacher has a right to employment.

{¶ 17}   Employing a teacher and compensating that teacher are separate issues. Nothing in the trial court's order that the board reemploy Saul requires the board to violate

section 3319.30.

4. *Reemployment and public policy*

{¶ 18}   The board contends that ordering the reemployment of a teacher who is not licensed to teach the subjects previously taught violates public policy in one of two ways. If it assigns the teacher to subjects he is licensed to teach, says the board, a qualified teacher currently assigned to teach those subjects would be unfairly displaced. And if the teacher is assigned to teach subjects that he is not licensed to teach, says the board, the students are not being taught by a qualified, licensed teacher. This contention concerns an issue separate from reemployment. The trial court's order merely directs the board to reemploy Saul; it does not order the board to assign him to teach any particular subject or, for that matter, any subject at all.

{¶ 19}   The trial court did not err by ordering the board to reemploy Saul. The first, second, and third assignments of error are overruled.

## D. Back Pay

{¶ 20}   The trial court also ordered the board to pay Saul full back pay, beginning when the board improperly decided not to renew his contract. The fourth and fifth assignments of error assert three different reasons why the trial court's back-pay order is erroneous. The first is that paying back pay would violate R.C. 3319.30 and 3319.36. The second is that a board that is in a state of fiscal emergency should not be required to pay a teacher for services that the teacher did not provide. The last reason is that, before ordering payment, the court should have held a hearing on whether paying Saul would require the board to engage in deficit spending in violation of R.C. 5705.412(B). The sixth assignment of error alleges that,

even if the trial court did not err by ordering back pay, it erred by not holding a hearing to determine the amount of back pay, including whether the board is entitled to any set offs.

{¶ 21}   In *Farmer I* the Ohio Supreme Court also addressed back pay. The Court held that "if a court determines that a board of education has failed to comply with the evaluation procedures required by R.C. 3319.111(A), the teacher whose contract was not properly nonrenewed is entitled to back pay." *Farmer I*, 69 Ohio St.3d at 160, 630 N.E.2d 721. "This back pay," said the Court, "begins to accumulate when the board improperly chose not to renew the teacher's contract." *Id*. The Court explained that it was "award[ing] back pay because to hold to the contrary would produce an absurd result":

> A board could improperly terminate its employee, tie up the employee's case in the courts for years, and, consequently, realize significant savings for the salaries that it did not have to pay her during the pendency of the litigation. By awarding back pay, we eliminate any incentive for the dilatory conduct of the school board. *Id*.

{¶ 22}   The board contends that the trial court's back-pay order requires it to violate sections 3319.30 and 3319.36. Section 3319.30 pertinently prevents a person from being paid for "for the performance of duties as teacher" if the person does not have a valid educator license, and section 3319.36 effectively prohibits a board from paying a teacher "for services" until the teacher files any required reports and a copy of his educator license. R.C. 3319.36(A). Here, based on the board's August 24, 2011 motion to stay execution of the trial court's judgment, we infer that Saul has not been employed by the board since his contract expired at the end of the 2009-2010 school year. Therefore back pay here is not payment "for the

performance of duties as teacher" or payment "for services."

{¶ 23}  Here, too, the two cases relied on by the board are inapposite. Both *State ex rel. Ekey v. Rocky River Bd. of Edn.*, 110 Ohio App.3d 530, 674 N.E.2d 1199 (8th Dist.1996), and *State ex rel. Chavis v. Sycamore City School Dist. Bd. of Edn.*, 71 Ohio St.3d 26, 641 N.E.2d 188 (1996), are mandamus cases in which a teacher was seeking back pay in the form of additional pay for teaching services rendered. In the present case, back pay represents an award of damages that Saul incurred as a consequence of the board's failure to comply with the statutory evaluation procedures.

{¶ 24}  The board told the trial court that its decision not to renew Saul's contract was based in part on the school district's being in a state of fiscal emergency under R.C. Chapter 3316. The board contends that because of this it should not be required to pay Saul for services that he did not provide. This contention must be rejected because, according to the board's November 2010 merit brief, by the end of October 2010 the school district was no longer in a state of fiscal emergency.

{¶ 25}  The board also contends that the court should have held a hearing on whether paying Saul back pay would require the board to engage in deficit spending in violation of R.C. 5705.412(B), which generally requires a school district making certain expenditures to certify that it has enough money to pay the expenses of the current school year. The board does not explain why this is an issue in this case. The trial court was not required to hold a hearing on this issue. Most importantly, the board never requested a hearing on this issue. The board therefore forfeited its right to allege this error on appeal.

{¶ 26}  Finally, the board contends that the trial court should have held a hearing to

determine the amount of back pay, including whether the board is entitled to any set offs. The board is correct that "a public employee * * * 'who is wrongfully excluded from his position and sues to recover compensation for the period of exclusion, is subject to have his claim reduced by the amount he earned or, in the exercise of due diligence, could have earned in appropriate employment during the period of exclusion.'" *Bertolini v. Whitehall City School Dist. Bd. of Educ.*, 10th Dist. Franklin No. 02AP-839, 2003-Ohio-2578, ¶ 44, quoting *State ex rel. Martin v. Columbus Dept. of Health*, 58 Ohio St.2d 261, 389 N.E.2d 1123 (1979), paragraph two of the syllabus.

{¶ 27} It is not clear to us on this record what the trial court's award of "full back pay" encompasses. The appellant is entitled to a determination of the amount of set off or reduction, if any, applicable to the back pay award. Accordingly, the matter will be remanded for further proceedings to determine the amount of back pay to which the appellant is entitled.

{¶ 28} The fourth and fifth assignments of error are overruled. The sixth assignment of error is sustained.

{¶ 29} We have overruled assignments of error one through five, and the judgment of the trial court is affirmed with regard to those issues. The sixth assignment of error is sustained. The matter is reversed and remanded to the trial court for a hearing to determine the amount of back pay awarded, and the amount of set off, if any, to which the Board may be entitled. The judgment is otherwise affirmed.

. . . . . . . . . . . . .

GRADY, P.J., and DONOVAN, J., concur.

Copies mailed to:

Peter J. Rakay
Laura E. Rakay
Nicholas E. Subashi
Hon. Steven K. Dankof